MICHAEL, *Appellant*, v. JONES, *Administratrix*.

1. **Agent**: WANT OF AUTHORITY OF : PERSONAL LIABILITY. The bare want of authority in an agent or trustee to bind the persons or estates for which he assumes to be acting, does not render him individually liable, where the facts and circumstances indicate that no such liability was intended by either of the parties.

2. ———: ———: ———. Where all the facts are known to both

parties, and the mistake is one of law as to the liability of the principal, the fact that the principal cannot be held is no ground for charging the agent with liability.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*James Taussig* for appellant.

(1) Jones, the defendant's intestate, had no right under the law, to carry on the business of his ward, or to make the estate of his ward liable for debts contracted in continuing and conducting such business. *Exchange Bank v. Tracey*, 77 Mo. 594; *Michael v. Locke*, 80 Mo. 548. (2) Having no such right, he became personally liable to the plaintiff. (*a*) Where a person assumes to act for or in behalf of another without authority, an action can be maintained on the contract against the person improperly acting as agent. Jones was liable to the plaintiff for the value of property delivered to him if he had no power to bind Joseph H. Locke. *Byars v. Doores*, 20 Mo. 284; *Lapsley v. McKinstry*, 38 Mo. 247; *Blakeley v. Bennecke*, 59 Mo. 193; *Wright v. Baldwin*, 51 Mo. 269 (discussing *Smout v. Illberry*, 10 M. & W. 1.); 1 Parsons on Cont. (6 Ed.) \*67, notes. 1 Wharton on Agen. § 523; *Hill v. Banister*, 8 Cow. 31; *Sumner v. Williams*, 8 Mass. 162; *Grafton Bank v. Flanders*, 4 N. H. 239 (and cases cited in opinion), see page 245 as to moral estoppel, and page 249 as to liberal rule to be applied as to remedies where sound legal principles support a case. 1 Am. Lead. Cas. (5 Ed.) \*p. 636-8, N; *Rathbon v. Budlong*, 15 John. (N. Y.) 1-3. An agent is liable on contract, and the burden is on him to show he had authority. *Meech v. Smith*, 7 Wend. 315-19; *Bay v. Cook*, 2 Zabriskie (N. J.) 343. Where words of a pretended agent, stripped of language he had no right to use, import a liability, he can be held, and it is immaterial that both parties are in a position to judge as

to extent of authority. 2 Smith's Lead. Cas., p. 366-7; *Thatcher v. Dinsmore*, 5 Mass. 299. Jones was not a mere agent but a trustee, and as such personally liable. Hill on Trustees (3 Am. Ed.) 535-6; Perry on Trusts (3 Ed.) § 454; Schouler on Dom. Rel. 457; *Rittenhouse v. Ammerman*, 64 Mo. 200; *Merritt v. Merritt*, 67 Mo. 156. (3) The instruction given by the circuit court for the defendant was against the evidence which was uncontradicted and to the effect that Jones promised to pay for the wood delivered by the plaintiff. The promise of a guardian to pay his ward's debts is not collateral within the statute of frauds, and, therefore, it need not be expressed in writing. Schouler's Dom. Rel. (2 Ed.) *464-6.

*A. R. Taylor* for respondent.

MARTIN, C.—The plaintiff alleges in his petition that he sold and delivered to Robert L. Jones in his lifetime large quantities of wood of the price and value of $6,525.35, and that after deducting all credits and payments on account thereof, there remains a balance still due him in the sum of $2,932.25, for which he asks judgment. The answer in the case was filed before the death of Mr. Jones. In it he denies the allegations of the petition, except as thereinafter stated by him. He pleads as a defence that the wood, for the price of which plaintiff sues, was sold and delivered to him as guardian of Joseph H. Locke, an insane person, whose estate and body he had charge of as guardian, by virtue of appointment of the probate court; that at the time of the sale thereof plaintiff knew that defendant was acting only in the capacity of guardian, and not otherwise; that at the time of such sale the agreement and understanding between plaintiff and defendant was that defendant was in no wise to be personally bound to pay for said wood, and that the plaintiff relied wholly upon the estate of said Locke for his pay, and never intended to hold defendant individually liable therefor. He also alleges

that none of said wood was received to his use or benefit, but that it was all received to the use and benefit of the estate he had in charge.

The issues thus raised were tried by the court without the intervention of a jury, and judgment was rendered in favor of defendant, who is the widow and administratrix of said Robert L. Jones. The plaintiff appealed from this judgment, accepting an affirmance *pro forma* in the St. Louis court of appeals. It is proper for me to mention in this connection that the plaintiff instituted an action in equity against the assets of the estate of said Locke in the hands of Mr. Lancaster, who had succeeded Mr. Jones as guardian, for the same wood mentioned in this case, alleging in his petition substantially the material facts pleaded specially in the defendant's answer. In his petition he averred that the wood was sold and delivered for the use and benefit of the estate of said Locke, in the business of manufacturing lime and cement, which the guardian of said estate undertook to carry on, and did carry on after the death of said Locke, for the benefit of his wife and children, the beneficiaries of his estate. On appeal to this court it was held that the guardian had no authority as such, to subject the assets of the estate under his charge to the risks and hazards of the manufacturing business undertaken by him, and that the plaintiff, furnishing his wood with full knowledge of the guardian's want of power to incur new obligations, acquired no lien upon the assets of the estate. *Michael v. Locke et al.*, 80 Mo. 548. The facts under which the wood was alleged, in the previous case, to have been sold and delivered to the estate, are ignored in the petition in this case, and the guardian is called upon to pay for the wood as if sold to him in his individual capacity and devoted to his private use.

In support of his case, the plaintiff urges that where a person assumes to act for or in behalf of another, without authority, an action can be maintained on the contract against the person improperly acting as agent.

From this he concludes that Jones must have been liable to plaintiff for the value of the property delivered to him, if he had no power to bind the estate in his charge. If the bare want of authority in the agent or trustee to bind the person or estate for which he assumes to be acting, renders him individually liable, irrespective of facts and circumstances indicating that no such liability was contemplated by either party, then the plaintiff is entitled to judgment upon the facts admitted in the answer. But I am satisfied that under the best considered modern decisions the principle invoked by the plaintiff cannot be carried to such an extent. The true rule, I think, is stated in *Western Cement Co. v. Jones*, 8 Mo. App. 373, to this effect " that where all the facts are known to both parties, and the mistake is one of law as to the liability of the principal, the fact that the principal cannot be held is no ground for charging the agent with liability." To the same effect is *Humphrey v. Jones*, 71 Mo. 62. In the present case there is no pretense that the guardian made any misrepresentation of fact, or was guilty of any concealment relating to his authority to contract with plaintiff. The evidence indicates clearly that both parties believed in good faith that the estate of Joseph H. Locke was responsible for the wood purchased by defendant in his capacity of guardian. Acting upon that faith, the guardian paid the plaintiff the greater portion of his debt from the assets of the estate. The simple fact that both parties were mistaken in the law about the authority of the guardian, ought not to render the guardian liable individually, in the absence of any promise to that effect by him, and when it is apparent that no benefit has been received by him.

The plaintiff undoubtedly could recover by establishing a lawful promise on the part of the guardian to be responsible individually, or by developing such facts and circumstances surrounding the sale and delivery of the wood as might prove that the credit according to the

understanding of the parties, was really given to the guardian and not to the estate in his charge. This view of the law was conceded by the court in an apt declaration applicable to the evidence before him : "The court declares the law to be that if the plaintiff sold the wood to Robert L. Jones in his capacity as guardian of Joseph H. Locke, and did not intend to hold Robert L. Jones personally bound for the price of the wood, at the time of the sale, then plaintiff cannot recover." In rendering judgment for defendant the court must have been satisfied that the plaintiff did not, as a matter of fact, intend to hold Robert L. Jones personally bound for the price of the wood at the time of selling the same. There is ample evidence in the record to sustain this finding ; accordingly the judgment is affirmed. All concur.