W. A. SMITH, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, February 6, 1888.

CASE ADJUDGED—INSUFFICIENCY OF PETITION.—The petition in this case is not good under section 809, Revised Statutes, as it contains none of the essential averments required by that section. Neither is it good at common law, as no negligence is averred. Nor is it authorized by section 2124, Revised Statutes, since it does not aver that the injury occurred by reason of the animal entering upon the track at a point where the company might have erected a lawful fence, and had failed to do so, and not at the crossing of any public highway.

APPEAL from Jackson Circuit Court, HON. TURNER A. GILL, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

Adams & Bowles, for the appellant.

I. The defendant's objections to the introduction of any evidence should have been sustained. There is no allegation in the petition that, at the place where the injury occurred, the defendant might or could have fenced. It is necessary to allege this in order to state a cause of action under section 2124, Revised Statutes. *Clarkson v. Railroad*, 84 Mo. 583 ; *Edwards v. Railroad*, 66 Mo. 567 ; *Wymore v. Railroad*, 79 Mo. 247; *Russell v. Railroad*, 83 Mo. 507 ; *Boyle v. Railroad*, 21 Mo. App. 416.

II. The averment that the road was " not enclosed by a lawful fence and not at the crossing of a public highway," is insufficient, and the demurrer to the pleadings and evidence should have been sustained. *Boyle v. Railroad*, 21 Mo. App. 416-420 ; *Clarkson v. Railroad*, 84 Mo. 583 ; *Russell v. Railroad*, 83 Mo. 507-511.

III. The court erred in overruling the motions for a new trial and in arrest of judgment wherein the same errors were brought to its attention. See authorities cited, *supra*. We respectfully submit that the judgment should be reversed.

No brief for the respondent.

Philips, P. J.—This action was instituted in the circuit court of Jackson county. The petition, in substance, is as follows: The plaintiff states that the defendant is a corporation, duly incorporated under the laws of the state of Missouri, and conducting business as such as a common carrier in running trains back and forth on its road in said state, and was so engaged on — day of December, 1884, and that, on the said day, the cars, locomotive, or other carriages of this defendant ran upon and over four head of horses, the property of this plaintiff, at a portion of said road in Jackson county, Missouri, not inclosed by a lawful fence and not in the crossing of a public highway, and thereby injuring two of them in the sum of twenty-five dollars .

each, and killing the other two, of the value of one hundred dollars each.

The answer tendered the general issue, with a plea of contributory negligence on the part of plaintiff; and further pleaded that the stock law was in force in said county, and the animals in question were at large in violation thereof. The plaintiff recovered judgment for single damages, and defendant has appealed.

The first question raised by defendant is as to the sufficiency of the petition. It is not a good petition under section 809, Revised Statutes, known as the double-damage act, as it contains none of the essential averments required by that section. Neither is it a good common-law petition, as no negligence is averred. If, therefore, any cause of action be stated, it must be one authorized by section 2124, Revised Statutes, in which the plaintiff is relieved from the necessity of either averring or proving any negligence on the part of the railroad company, where the animal is killed or injured on the road at a point where the company may fence in its tracks, and has failed to do so. Under this section of the statute it has been repeatedly held that the petition is defective for not averring that the injury occurred by reason of the animal entering upon the track at a point where the company might have erected a lawful fence, and had failed to do so, and not at the crossing of any public highway. *Russell v. Railroad*, 83 Mo. 507; *Boyle v. Railroad*, 21 Mo. App. 416; *Clarkson v. Railroad*, 84 Mo. 583; *Edwards v. Railroad*, 66 Mo. 567. The petition in this case is clearly bad.

The judgment is, therefore, reversed and the cause remanded. All concur.