L. C. WEBSTER, Respondent, v. ATCHISON, TOPEKA AND SANTA FE RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 3, 1894.

1. **Railroads:** KILLING OF STOCK: SUFFICIENCY OF STATEMENT. A statement in an action in a justice's court for the killing of stock by a railway company was in the shape of an account, the only . item of which read as follows: "For one cow killed on or about July 26, 1891, valued at $25." *Held*, that the statement was insufficient, and that an objection to the introduction of any evidence under it was well taken.

2. ——: ——: INSUFFICIENCY OF EVIDENCE. The evidence in the cause is considered, and held to show, without conflict, that the defendant was not guilty of negligence in keeping its road unfenced at the place in question.

*Appeal from the Clark Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED.

*Gardiner Lathrop, T. L. Montgomery* and *S. W. Moore* for appellant.

Where, as here, the undisputed testimony is that the point where the animal went upon the track could not be fenced without endangering the lives and limbs of employees in the transaction of the company's business at the station, the law imposes no duty upon the defendant to erect a fence, and the defendant is not liable for an injury to stock occurring at such a place, without actual negligence. *Pearson v. Railroad,* 33 Mo. App. 543; *Jennings v. Railroad,* 37 Mo. App. 651; *Railroad v. Willis,* 93 Ind. 507; *Kneadle v. Railroad,* 19 Am. and Eng. R. R. Cases, 568; *Lloyd v. Railroad,* 49 Mo. 199; *Allen v. Railroad,* 5 Am. and Eng. R. R. Cases, 620; *Snow v. Railroad,* 8 Allen, 441; *Lewis v. Railroad,* 59 Mo. 495.

*Charles D. Stewart* for respondent.

ROMBAUER, P. J.—The action in this cause was instituted and tried on the following statement filed before a justice of the peace:

"Atchison, Topeka & Santa Fe Railroad Co., to L. C. Webster, Dr., for one cow killed on or about July 26, 1891, valued at twenty-five ($25) dollars, ——."

The plaintiff recovered judgment and the defendant appeals and assigns for error that the court erred

in admitting any evidence under this statement, as it stated no cause of action whatever, and that the court also erred in refusing to instruct the jury to find for the defendant under the evidence.

While the greatest liberality has been indulged in in this state to uphold the sufficiency of statements filed before justices of the peace (*Coughlin v. Lyons*, 24 Mo. 533; *Quinn v. Stout*, 31 Mo. 160; *Burt v. Warne*, 31 Mo. 296), still there is a limit to this liberality affecting such statements. Thus it has been held that a statement in an action against a railroad for killing stock, which fails to aver either a duty to fence or negligence, is fatally defective. *Clemings v. Railroad*, 21 Mo. App. 606; *Clarkson v. Railroad*, 84 Mo. 583; *Boyle v. Railroad*, 21 Mo. App. 416. The cases of *Iba v. Railroad*, 45 Mo. 470, and *Minter v. Railroad*, 82 Mo. 128, have upheld statements in this class of cases which were filed in the form of an account, but in the former of those cases there was no objection to the statement in the trial court, and in the latter case the statement was amended on appeal. Besides that, the original statement in the Minter case at least advised the defendant at what point the animal was killed. Here, as will be seen, the statement fails to show where the animal was killed, and in fact, when literally read, does not even claim any damages in a specific sum for the killing. The defendant is entitled to be advised in some manner what he is called upon to defend. The objection to the statement should have been sustained.

It would appear from the plaintiff's evidence that he sought a recovery on the ground that the animal came upon the track and was killed at some point where the defendant, although under no legal obligation to fence, might have fenced, and hence its failure to do so was evidence of negligence under the construc-

tion placed by the courts upon section 4428 of the Revised Statutes of 1889. It is not pretended that there is any other evidence of negligence in the case. The uncontroverted evidence tends to show that the animal was killed within the switch limits of Dumas station at a point ninety-five feet distant from the apex of the switch, and that it came upon the track at that point. The uncontroverted evidence also tends to show that the switch limits were reasonable, and could not have been contracted; that the road at the point in question could not have been fenced without materially interfering with the handling of defendant's trains at the station and the endangering of the lives and limbs of its employees. As there was no conflict of evidence whatever on that question, and as the testimony of witnesses was corroborated by the physical facts, as shown by a plat of the place offered in evidence, there was no question of negligence which the court could have submitted to the jury. *Pearson v. Railroad*, 33 Mo. App. 543; *Jennings v. Railroad*, 37 Mo. App. 651.

The judgment is reversed. All the judges concur.