# J. T. B. REDMOND, Appellant, v. MISSOURI, KAN-SAS & TEXAS RAILWAY COMPANY, Respondent.

**Kansas City Court of Appeals, November 23, 1903, and February 1, 1904.**

1. **RAILROADS: Killing Stock: Entering on Track.** It is the place where animals come upon the railroad track that determines the liability, and not where they are killed; and a railroad company is not required to fence its tracks at its stations and is not liable for stock entering on its tracks there and passing over bridges to another part of the track where it was killed.

2. ———: ———: **Fencing: Negligence.** A railroad company is not liable for killing stock where its track is not, but might be, fenced, unless there is proof of negligence.

3. ———: ———: **Negligence: Appellate and Trial Practice.** The question whether an engineer might have seen stock on the track in time to avoid killing it can not be raised for the first time in the appellate court, and a trial court is not required to instruct on different phases arising in a case unless asked to do so.

### On Motion for Rehearing.

4. **TRIAL PRACTICE: Special Finding: Instructions.** The statute requiring the court to state in writing the conclusions of facts found separately from the conclusions of law, does not require the court to find on every phase of the case unless its attention is called thereto in a proper manner; and the appellate court will not reverse unless the matter is called to the attention of the court below.

Appeal from Howard Circuit Court.—*Hon. John A. Hockaday*, Judge.

AFFIRMED.

*Webster Gordon* for appellant.

(1) The trial court's second conclusion of law, it being the third paragraph of its special finding of law and fact, is illegal and erroneous. The court finds as a

matter of law that it was the duty of the engineer operating the train that killed the mules, to have used all effort and skill to have stopped the train and avoid striking and killing the mules, after he saw them ahead of him on the track.   Spencer v. Railway, 90 Mo. App. 91; Hill v. Railway, 49 Mo. App. 534; Hill v. Railway, 121 Mo. 477; Buckman v. Railway, 83 Mo. App. 129; Livingston v. Railway, 170 Mo. 473.   (2) The trial court at the request of the defendant, gave instruction numbered one, which is a demurrer to all the evidence bearing on the third count of the petition.   It is still reversible error to do so, and the verdict and judgment of the trial court can not stand.   Lincoln v. Railway, 75 Mo. 27; Straub v. Eddy, 47 Mo. App. 189; Bricker v. Railway, 83 Mo. 394.   (3)   Instruction numbered two given by the court at request of the defendant is erroneous as to the first count of plaintiff's petition.   Meadows v. Railway, 82 Mo. App. 83; Radcliff v. Railway, 90 Mo. 127; Clarkson v. Railway, 84 Mo. 593; Evans v. Railway, 67 Mo. App. 255; Vail v. Railway, 28 Mo. App. 372.   (4)   The instruction last considered is also erroneous as to the second count of the petition which is based upon our double damage statute which requires all railroads to fence all places along its line.   (5)   The court's finding of law and fact is erroneous and insufficient.   Hamill v. Talbott, 72 Mo. App. 33; Nichols v. Carter, 49 Mo. App. 401; Vette v. La Barge, 64 Mo. App. 179, 185; Freeman v. Hemenway, 75 Mo. App. 617, 621; Downey v. Railway, 94 Mo. App. 137; Kirkland v. Railway, 82 Mo. 466; Morris v. Railway, 58 Mo. 78; Railway v. Clark, 121 Mo. 183; Prather v. Railway, 84 Mo. App. 86; Schafer v. Railway, 76 Mo. App. 131.

*George P. B. Jackson* for respondent.

(1)   There is nothing in the point made by the appellant that the court's second finding of law con-

cerning the duty of the enginemen if they might have discovered the mules, because it is admitted all around in the case that the mules were actually discovered. The cases cited by appellant only apply where it is claimed an animal was not discovered—but it might have been. (2) The first instruction or declaration of law is to be construed in connection with the special findings to ascertain the theory of the court in disposing of the case. The judge was in this case the trier of the fact. (3) The appellant has misconceived the case and the statute when he says a railroad will be held guilty of negligence for not fencing at a station, although to do so would interfere with the public and endanger employees. The cases he cited do not so hold—while it has been repeatedly held to the contrary. Pearson v. Railroad, 33 Mo. App. 543; Jennings v. Railroad, 37 Mo. App. 652; Crenshaw v. Railroad, 54 Mo. App. 233; Grant v. Railroad, 56 Mo. App. 65; Webster v. Railroad, 57 Mo. App. 451; Hurd v. Chappell et al., 91 Mo. App. 317. The cases cited under the previous point condemn the contention in point IV of appellant's brief. The "switch limits" include a reasonable length of track outside of the switch or head block. (5) The findings fully covered all the counts of the petition and every question of law and fact involved in the case.

BROADDUS, J.—The plaintiff sues for damages for the killing of two of his mules by defendant, the petition being in three counts. The first alleges that the animals came upon defendant's track and were killed at a point where defendant's railroad was not fenced, as required by law. Plaintiff prays for single damages and for a reasonable attorney's fee as provided by sections 1106-07, Revised Statutes, 1899. The second count is for double damages under section 1105, Revised Statutes 1899. And under the third count, plaintiff seeks to recover damages for the negligent killing of said animals by defendant. A jury was waived and the cause

tried by the court.   The finding and judgment was for defendant and plaintiff appealed.

At the request of the defendant the court gave the following instructions:

"1.   The court instructs you that upon all the evidence bearing upon the third count of the petition the plaintiff is not entitled to recover and your verdict must be for the defendant on that count. '

"2.   The court instructs you in reference to the first and second counts of the petition that if you believe from the evidence that the plaintiff's mules were struck at a point on defendant's railroad within the switch limits of the station of Huntsdale and that the length of the track set apart and used by the defendant as its switch at said station was unnecessary (necessary) for the transaction of the defendant's business at said station or for the convenience of the public in transacting business thereat or for the safety of the men engaged in operating trains then the defendant was not required to fence its tracks at said place and the plaintiff can not recover on said counts."

By request of plaintiff the court made a finding of facts as follows:

"First. '  As matters of law the court finds that the defendant was not required to fence its tracks at the station at Huntsdale, if such fencing would interfere with the transaction of the business of said company with the public or endanger the lives and safety of its employees and officers in operating its cars. ·

"Second.   As a matter of fact the court finds that the fencing of said road at the Huntsdale station would have interfered with the business of said road with the public and endangered the lives and safety of its employees and officers in operating the same. '

"Third.   As a matter of law the court finds that it was the duty of the engineer operating the train which killed the mules in question to have used all reasonable effort and skill to have stopped the train and avoided

striking and killing said mules after he saw them ahead of him on the track.

"Fourth. As a matter of fact the court finds that said engineer operating said train did use reasonable care and skill to prevent the train from striking the mules after he first saw them on the track."

The evidence discloses that the animals came upon the track within the switch limits of the station and were killed after they had passed such limits at a bridge where the track crosses a stream. As to whether the engineer in charge of the locomotive could have seen the animals in time to avoid killing them, or that he in fact did see them before they were struck by the engine, the evidence is somewhat conflicting.

As the animals came upon the track within the switch limits the fact that they were killed at a point beyond such limits and where the defendant was required to fence would not render defendant liable under either the first or second counts. The defendant was required to fence its tracks at the station. Loyd v. Railway, 49 Mo. 199; Edwards v. Railway, 66 Mo. 567; Grant v. Railway, 56 Mo. App. 65; Morris v. Railway, 58 Mo. 78. And it is the place where animals come upon a railroad track that determines the liability of the company and not where they are injured or killed. Hurd v. Chappell et al., 91 Mo. App. 317, and authorities cited.

The finding of the court that the place where the animals came upon defendant's track was within the switch limits, and substantially that such switch limits were requisite for the business of the company and public and for the safety of the railroad employees, is conclusive on the question of the reasonableness of the length thereof.

The plaintiff was not entitled to recover under section 2867 of the Damage Act because the animals did not get upon the track at a point where defendant although not required to fence yet might have done so without

materially interfering with the handling of defendant's trains, unless there was proof of negligence.    Webster v. Railway, 57 Mo. App. 451; Pearson v. Railway, 33 Mo. App. 543; Jennings v. Railroad, 37 Mo. App. 651.

The court found that the engineer operating the train used reasonable care and skill to prevent it from striking the mules after he first saw them on the track.

If it was a pertinent inquiry whether the engineer could have discovered the mules on the track by the exercise of reasonabe care in time to have prevented the killing, it was not raised by the plaintiff.    He asked no instruction raising such issue, consequently it is not permissible for him to raise such issue for the first time in this court.    The instructions and declarations of law given appear to be unexceptionable.    Under our system of practice as construed by the courts the trial court is not required to instruct upon the different issues arising in a case unless asked to do so.

Finding no error in the record the cause is affirmed.    All concur.

OPINION ON MOTION FOR REHEARING.

BROADDUS, J.—The motion is based upon two grounds, the second of which has no merit whatever. We will therefore confine our attention to the first, which is as follows: ''Because the opinion in this cause, in holding that the appellant after having requested the trial court to state its findings of fact and conclusions of law separately as provided by section 695, Revised Statutes 1899, was nevertheless required to ask an instruction on common law negligence for failure to exercise ordinary care to discover the stock on the track in time to avoid its injury, and for that reason is precluded from raising such question on appeal, is in conflict with the following decisions of this court and also of the Supreme Court, which same this court must have inadadvertently overlooked.    Then follows a list of numerous cases cited.

Redmond v. M., K. & T. Railroad.

Under the statute in question it is made the duty of the trial court upon request of a party to a suit to "state in writing the conclusions of facts found separately from the conclusions of law." It is therefore insisted that for a failure of the court to find all the facts and conclusions of law thereon is error. We do not think the statute should be so construed for the effect would be to inculcate trickery by permitting a party remaining silent, when he should speak, to take advantage of an oversight or omission of the court to find some particular fact and conclusion of law thereon. As said in the original opinion herein, it became the duty of the appellant to have asked the court to find the fact and give its conclusion of law thereon. And because the court was asked to find the facts and conclusions of law did not relieve him of the duty of rectifying any omission made by the court. And where the judgment is supported, as in this case, by the facts and law as declared by the court, it ought not to be disturbed for the cause assigned. And it ought not to be disturbed for the further reason, that the matter was not called to the attention of the trial court in plaintiff's motion for a rehearing so that the omission could have been remedied. Motion overruled. All concur.