## C. W. CREASON, Appellant, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Respondent.

### Kansas City Court of Appeals, January 10, 1910.

RAILROADS: Fences: Pleading: Petition, Sufficiency of. A petition alleging where stock went on defendant's railway track; that such place was not a railroad crossing nor within city or town limits but through, along and adjoining inclosed and cultivated fields; that defendant had failed to erect lawful fences and cattle-guards at such place, and that the killing of such stock was occasioned by such failure, is sufficient to authorize recovery of double damages under section 1105, Revised Statutes, 1899.

Appeal from Randolph Circuit Court.—*Hon. A. H. Waller*, Judge.

REVERSED AND REMANDED.

*M. J. Lilly* for appellant.

(1) The court erred in sustaining defendant's demurrer to plaintiff's petition. The petition alleges facts showing plaintiff entitled to recover of defendant double the value of the cow killed, under section 1105, Revised

Statutes 1899, which said section, as applied to the circumstances attending the killing of plaintiff's cow, is as follows: "Any railroad corporation running or operating any railroad in this State, shall erect and maintain lawful fences on the sides of the road where the same passes through, along or adjoining inclosed or cultivated fields . . . and also to construct and maintain cattle-guards, where fences are required, sufficient to prevent horses, cattle, mules and all other animals from getting on the railroad; and until fences . . . and cattle-guards as aforesaid shall be made and maintained, such corporation shall be liable in double the amount of all damages which shall be done by . . . engines or cars to horses, cattle, mules or other animals on said road    .   .   . occasioned . . . by the failure to construct or maintain such fences or cattle-guards." (2)   There is no merit in defendant's fourth special ground of demurrer, to-wit: "Plaintiff failed to aver anywhere in his petition that the point where the animal went upon defendant's track was at a point where defendant was by law required to fence." While it is necessary for the petition to allege by direct averment or necessary implication, that the animal killed got upon defendant's railroad track at a point where, by law, the defendant was required to erect and maintain fences, the petition may make said allegation in the words of the statute, imposing the duty upon railroad companies to erect and maintain fences. Summers v. Railway, 29 Mo. App. 41; Manz v. Railroad, 87 Mo. 278; McIntosh v. Railroad, 26 Mo. App. 377; Williams v. Railroad, 80 Mo. 597; Dorman v. Railroad, 17 Mo. App. 337; Mayfield v. Railroad, 91 Mo. 296; Ringo v. Railroad, 91 Mo. 667. (3)   The petition states a cause of action under section 1105, Revised Statutes 1899, known as the "double damage act." All the facts prescribed by the statute for a recovery of double damages under said section appear by express averment or by necessary implication from such express averments,

and that is sufficient. Lainiger v. Railway, 41 Mo. App. 165; Williams v. Railroad, 80 Mo. 597.

*E. O. Doyle* for respondent.

(1) There can be no recovery for double damages under section 1105, Revised Statutes 1909, where the petition fails to directly aver that the animal got upon the track at a point where the railroad company was required by law to erect and maintain fences and sufficient cattle-guards or to exclude the implication that the animal did not go on the track at a point where the railroad company was not required by law to erect and maintain fences and sufficient cattle-guards, such as public crossings, incorporated towns and cities, towns unincorporated but platted, depot grounds and grounds used for switching purposes. Norton v. Railway, 48 Mo. 387; Bates v. Railway, 74 Mo. 60; Johnson v. Railway, 76 Mo. 553; Nance v. Railway, 79 Mo. 197; Asher v. Railway, 79 Mo. 432. (2) Under section 1105, Revised Statutes 1899, a petition that fails to state a total absence of a fence or in what respect the fence is defective or the cattle-guard insufficient, at the point where the animal went upon the railroad track, before proof and verdict, is bad on demurrer. Clem v. Railroad, 119 Mo. App. 245.

ELLISON, J.—This action was instituted in the circuit court of Randolph county to recover double damages for the killing of plaintiff's cow by one of defendant's engines. The case is founded on section 1105, Revised Statutes 1899, which requires railway companies to erect and maintain fences and cattle-guards. The trial court sustained a demurrer to the petition and plaintiff appealed in due course.

The material parts of the petition are as follows:

"That plaintiff was on the 24th day of March, 1908, the owner of a certain animal, of the value of $75.00, to-wit: A four year old short horn milch cow; that on

said 24th of March, 1908, said animal went upon the said railroad of defendant at a point about five miles east of Moberly in Randolph county, Missouri, and was while upon said railroad struck by the locomotive and cars, then and there being run and operated upon defendant's said line of railroad, and killed; that said animal went upon said railroad not at the crossing of any public highway or other road and not within the limits of any incorporated town or city, but at a point where said railroad passed through, along and adjoining inclosed and cultivated fields; that at the point where said animal went on said railroad defendant on and before said date failed and neglected to erect and maintain lawful fences on the sides of its said railroad and to construct and maintain cattle-guards as required by law, and that the injury, aforesaid, was occasioned by defendant's said failure to construct and maintain such fences and cattle-guards."

We are of the opinion that the petition substantially meets the requirements of pleading under the statute aforesaid. It alleges the place where the animal went upon the defendant's railroad track and where it was killed by defendant's train. It then alleges that the place where the animal went upon the track was not at a highway crossing and not within the limits of any town or city, but at a point where the track passed through, along and adjoining inclosed and cultivated fields. That at that point defendant had failed to erect lawful fences and cattle-guards and that the killing was occasioned by such failure. The allegations follow, with appropriate reference to the case, the language of the statute, and this is permissible. [Summers v. Railway, 29 Mo. App. 41; Mayfield v. Railway, 91 Mo. 298; Ringo v. Railway, 91 Mo. 667.]

We have considered the argument of defendant and authorities cited in support of the demurrer, but do not consider that they sustain the judgment, and it is accordingly reversed and the cause remanded. All concur.