C. W. CRESON, Respondent, v. MISSOURI, KAN-
SAS & TEXAS RAILWAY COMPANY, Appel-
lant.

**Kansas City Court of Appeals, December 5, 1910.**

1. **RAILROADS: Killing Animals: Maintaining Fences.** Plain-
tiff's cow went through a gap in the fence on the right of
way of defendant, wandered along the tracks, passed over a
cattle-guard and was struck by an engine at a crossing and
killed. The gap in the fence was made by defendant in re-
pairing a nearby trestle, and therefore had actual knowledge
of the gap a reasonable time, after the necessity for taking
down the fence at that point, had elapsed. *Held*, that the
demurrer to the evidence was properly overruled.

2. ————: ————: **Pleading and Proof.** The statute (sec. 3145,
R. S. 1909) makes it the duty of a railroad company to
erect and maintain lawful fences on the sides of its road,
and where a petition alleges that defendant "failed and neglect-
ed to erect and maintain lawful fences on the sides of its
railroad" and the proof shows a failure "to maintain a lawful
fence," there is no variance between the pleading and proof.

Appeal from Randolph Circuit Court.—*Hon. A. H.
Waller*, Judge.

AFFIRMED.

*Lee W. Hagerman* and *E. O. Doyle* for appellant.

*M. J. Lilly* for respondent.

JOHNSON, J.—This case was here before on the
appeal of plaintiff from a judgment rendered pursuant
to a ruling sustaining a demurrer to the petition. We
held the petition good and remanded the cause (140
Mo. App. 33). Defendant answered and the case was
tried to a jury resulting in a verdict for plaintiff for
seventy-five dollars. On motion judgment was ren-

dered for double the amount of the verdict, pursuant to section 3145, Revised Statutes 1909 (sec. 1105, R. S. 1899), and defendant appealed.

The petition alleges "that plaintiff was on the 24th day of March, 1908, the owner of a certain animal, of the value of seventy-five dollars, to-wit: A four-year-old shorthorn milch cow; that on said 24th day of March, 1908, said animal went upon the said railroad of defendant at a point about five miles east of Moberly, in Randolph county, Missouri, and was while upon said railroad struck by the locomotive and cars, then and there being run and operated upon defendant's said line of railroad, and killed; that said animal went upon said railroad not at the crossing of any public highway or other road and not within the limits of any incorporated town or city, but at a point where said railroad passed through, along and adjoining inclosed and cultivated fields; that at the point where said animal went on said railroad defendant on and before said date failed and neglected to erect and maintain lawful fences on the sides of its said railroad and to construct and maintain cattle-guards as required by law, and that the injury aforesaid was occasioned by defendant's said failure to construct and maintain such fences and cattle-guards."

At the place in question defendant's railroad running east and west crosses a public road at right angles. The fact is conceded that plaintiff's cow was killed by a passing train and the evidence shows she was killed either at the road crossing or at the cattle-guard on the west side of the crossing. Plaintiff, whose farm lies south of the railroad and west of the wagon road, turned the cow into his field which was separated from the right of way by a farm owned by a neighbor. The fence between the two farms was in bad repair and the cow strayed from the field to the neighbor's farm and thence onto the railroad through a gap in the fence between the neighbor's farm and

defendant's right of way. Finally the animal strayed eastward along the track and reaching the cattle-guard either crossed it or was crossing it when the engine struck her.

For the purposes of our inquiry we shall assume the fact to be as contended for by defendant, that the cow was in the public road at the time she was struck. There was a trestle in the railroad one hundred and fifty rods west of the public road and plaintiff states, .without fixing the date, that during the making of repairs on the trestle the pile driver was used and a section of the fence was torn down and not replaced when the repairing of the trestle was completed. It was through the gap thus made that plaintiff tracked his cow and this is the point where he contends the animal entered the right of way. He is positive the tracks he followed were those of the cow and states that he kept no other cattle in the field from which she strayed. To account for the cow crossing the cattle-guard the testimony of plaintiff shows that it was built of iron, was on a level with the track and that its protruding spines or teeth designed to prevent the passage of animals over it had been flattened and bent to an extent that they offered no obstacle to the passage of the cow. The evidence of defendant contradicts that of plaintiff in essential particulars and tends to show that the cow entered the public road through a gap in the neighbor's fence and that she strayed along the road to the crossing. The section foreman introduced as a witness by defendant testified that the right of way fence was in fair condition and had not been repaired since May 1, 1907, almost a year before the accident.

The questions of law argued by counsel are those raised by the demurrer to the evidence and in their solution we follow the well-settled rule that requires us to consider the evidence in its aspect most favorable to the cause of action. Defendant argues that the con-

clusion that the cow entered the right of way through a gap in the fence near the trestle and that she reached the public road by traveling eastward on the railroad and crossing the cattle-guard, cannot be drawn directly from facts and circumstances in evidence but must result from the process of building one inference on another. The rule has often been recognized that where the existence of an ultimate fact must rest on inference that inference must directly arise from facts and circumstances in evidence and cannot be allowed to be supported only by conclusions drawn from other conclusions. We think the evidence of plaintiff satisfies this rule and that plaintiff's conclusion relative to the route traveled by the animal to the place where she was killed rests squarely on facts and circumstances in proof. She was turned into a field where no other cattle were kept and she left a well marked trail behind her. True, there were breaks in the trail where the path was too hard to receive impressions of her hoofs, but the tracks led through the gap in the fence at the trestle and continued to the cattle-guard which was found to be in a condition to permit the animal to cross with ease into the road where she was found near the guard. The engineer of a train that passed that day testified that his engine struck a cow at that crossing, and there is no controversy over the fact that the cow was plaintiff's. We perceive no ground for saying that one must draw one inference from another in order to find that the cow entered the right of way at the gap in the fence near the trestle.

Defendant asks us to indulge the presumption that the cow did not enter the right of way at a place where defendant was required to fence the track but went on to the track at the crossing where defendant was not required to maintain a fence. The rule is invoked that "in the absence of proof, the place on the track where the animal was struck and killed will be taken as marking the place where the animal went

upon the track.'' [Corcoran v. Railroad, 138 Mo. App. 408; Duke v. Railway, 39 Mo. App. 107; Jantzen v. Railroad, 83 Mo. 171.] But where, as in the present case, there is proof of the place of entry on the right of way, there is no occasion for indulging in any presumption and in determining the question of the liability of the defendant under section 3145, Revised Statutes 1909, the essential fact is the place of entry and not the place of the killing. [Razor v. Railroad, 73 Mo. 471; Redmond v. Railway, 104 Mo. App. 651; Hurd v. Chappell, 91 Mo. App. 317.]

Further defendant contends that the action must fail because plaintiff in his petition grounded his right to recover on the alleged failure of defendant to fence, while his evidence discloses no other cause of action than that based on negligence in leaving the fence down. The statute (sec. 3145, Rev. Stat. 1909) required defendant ''to erect *and maintain* lawful fences on the sides of the road,'' etc. The petition charges that defendant ''failed and neglected to erect and maintain lawful fences on the sides of its said railroad,'' etc. The proof shows a failure to maintain a lawful fence and such failure appears to be the gravamen of the cause pleaded and proved. There is no variance between *allegata* and *probata*. Counsel argue that ''after a fence has once been constructed, subsequent liability must be predicated upon the negligence of the company in failing to repair after such needed repair is known, or by the exercise of ordinary diligence, might have been discovered. It will hardly be disputed that appellant had the right to take down the fence to repair a trestle and there is no evidence that the fence was left down an unreasonable length of time which fact would have to be shown in order to prove negligence in leaving the fence down.''

The statutory duty of a railroad company to maintain a lawful fence calls for the exercise of reasonable care on the part of the company to discover an out-

of-repair condition and the exercise of reasonable diligence in repairing a defective place after its discovery. The evidence shows that defendant had actual knowledge of the existence of the gap in the fence. In fact it tore the fence down itself in order to give room for the work of repairing the trestle. It had a right to remove that part of the fence temporarily for the purpose of repairing the trestle but its duty to maintain lawful fences required the replacement of the fence within a reasonable time after the necessity for its removal had ceased. Instead of restoring the fence in such time, it left the fence down. Such conduct constituted a negligent breach of the duty to maintain a lawful fence and does not bring the question of defendant's liability within the rules applicable to cases cited by defendant where the liability is grounded on negligence in suffering a lawful gate to remain open.

The learned trial judge properly overruled the demurrer to the evidence.

The judgment is affirmed. All concur.