RICHARD WHITEMAN, Respondent, v. A. T. & S. F. RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 1, 1912.

DAMAGES, DOUBLE: Injuries to Live Stock: Maintaining Fences. Plaintiff sued under section 3145, Revised Statutes 1909, for damages to his horse and buggy. The horse became untied and, while hitched to the buggy, went upon the railroad track, at a place where the fence had been long removed in order to construct a dump, and was struck by a train. Double damages were assessed· for the buggy and the horse. *Held*, that the assessment of. damages to the buggy was improper.

Appeal from Carroll Circuit Court.—*Hon. Francis H. Trimble,* Judge.

AFFIRMED CONDITIONALLY.

*Thomas R. Morrow, James P. Gilmore, John H. Lathrop* and *Jones & Conkling* for appellant.

(1) In this action plaintiff could not recover for injuries or damages to his buggy and harness. R. S. 1909, sec. 3145; Huss v. Railroad, 84 Mo. 111. (2) Plaintiff was not entitled to recover double damages for injuries to his buggy. R. S. 1909, sec. 3145; Huss v. Railroad, 84 Mo. 111. (3) Plaintiff was not entitled to recover for any injuries to his horse. There is no proof of an actual collision. Lafferty v. Railroad, 44 Mo. 291; Foster v. Railroad, 90 Mo. 116; Seibert v. Railroad, 72 Mo. 565; Hesse v. Railroad, 36 Mo. App. 163; Colbert v. Railroad, 78 Mo. App. 176.

*Lozier & Morris* and *Frank E. Atwood* for respondent.

JOHNSON, J.—This is an action to recover double damages under section 3145, Revised Statutes 1909. A jury was waived and the court, after hearing the evidence, decided the issues in favor of plaintiff, assessed his damages at sixty dollars and rendered judgment for $120. Defendant appealed.

The injury in question occurred in the night of September 9, 1910, at a place on defendant's railroad in Carroll county where the statute required the railroad to be fenced. The course of the railroad is from north of east to south of west and the right of way is 132 feet wide. The track in operation was fifty feet from the north line of the right of way and thirty-two feet south of this track a dump was being constructed for a second track which was to be eighty feet north of the south line of the right of way. A public road

running due east and west crossed the railroad and coming from the east made a short turn or jog towards the north at the crossing. Cattle-guards were at the crossing and a fence had been maintained from the cattle-guard on the east side eastward to the point where the north line of the public road and the south line of the right of way intersected. This connecting fence which converged from the point last mentioned to and across the new dump had been taken down by defendant when it began grading for the dump and had not been replaced at the time of the injury. Evidence of plaintiff tends to show the fence had been down about three months and that its replacement had been delayed unreasonably. The evidence of defendant is to the effect that the removal of the fence was indispensable to the construction of the dump and that the work had been prosecuted with reasonable diligence but had not progressed to a stage where the restoration of the fence would have been practicable.

Plaintiff drove in a single buggy to call on a neighbor who lived on the public road an eighth of a mile west of the crossing. He hitched his horse at the side of the road and in some way the horse, during the absence of plaintiff, became unhitched, strayed over the crossing and entered the right of way through the opening caused by the removal of the connecting fence we have described. No one saw the injury but the facts and circumstances disclosed in the evidence of plaintiff support the inference that the horse strayed on to the track and that a passing train struck and demolished the buggy and in the collision bruised and slightly damaged the horse. The court assessed the damages to the buggy at fifty-five dollars and to the horse at five dollars and doubled the whole in the judgment rendered.

Among the declarations of law asked by defendant and refused by the court was the following: ''The court declares the law to be that defendant had a rea-

sonable time, after the completion of its new road and track, in which to reconstruct its right of way fence and to construct necessary cattle-guards, and that if said roadbed and track was not completed at the time of the alleged injuries to plaintiff's horse, buggy and harness, then, a reasonable time in which to replace said fence, and to construct necessary cattle-guards, had not elapsed and the court, sitting as a jury, should find for the defendant.''

The primary object of the statute (section 3145) is to prevent the killing of stock and the trespassing of stock upon adjoining fields and a secondary but highly important object is the security of passengers and employees in transit. [Silver v. Railroad, 78 Mo. 528.] The obligation of a railroad company to fence begins with the operation of trains on the road and the obligation to maintain lawful fences enclosing the railroad continues during the life of the railroad. The statute is highly beneficient and has been strictly enforced in all cases except those in which a greater necessity than that professed to be served by the statute has impelled the courts to declare that the Legislature did not intend should fall within the operation of the statute.

Thus it is held that a railroad company is not required to fence its tracks where the maintenance of such fences would endanger the lives of the operatives in handling trains on switches at stations. [Bridges' v. Railroad, 132 Mo. App. 576; Gilpin v. Railroad, 197 Mo. 319.] In double tracking its railroad defendant was engaged in a lawful undertaking, was providing for the proper service of the public, and if the construction of the new track demanded the removal of the connecting fence we think that as long as the necessity existed defendant should not be held to have violated the statute in leaving the place open. The statute does not require the doing of impossible or impracticable things. [Silver v. Railroad, supra.] In

Creson v. Railroad, 152 Mo. App. 197, we held that a railroad company had the right to take down a right of way fence to repair a trestle but that its duty to maintain lawful fences required the replacement of the fence within a reasonable time after the necessity for its removal had ceased. What would be reasonable time in which to replace a fence temporarily removed for such purpose ordinarily is a question of fact for the jury to determine and depends on the circumstances of the particular case. [Silver v. Railroad, supra.] The duty of the company in such cases would be not to take down the fence until the necessity arose, to prosecute diligently the work which compelled the removal and to replace the fence as soon as necessity would permit. Though the evidence of defendant tends to show, that a necessity of the character described existed, the evidence of plaintiff tends to show lack of diligence in the prosecution of the work of building the dump and that the work had progressed to a stage where the fence should have been restored long before the injury. In such state of proof the declaration of law above quoted was properly refused since it gave defendant an unlimited time in which to complete the new roadbed and, consequently, an unlimited time in which to ignore the statute.

It is argued by defendant that the court erred in allowing a recovery under the statute for damages to the buggy of plaintiff. The point is well taken. The statute provides that if a railroad company fails to comply with its provisions such company "shall be liable in double the amount of all damages which shall be done by its agents, engines or cars, to horses, cattle, mules or other animals on said road, or by reason of any horses, cattle, mules or other animals escaping from or coming upon said lands occasioned in either case by the failure to construct or maintain such fences or cattle-guards."

In Huss v. Railway, 84 Mo. App. 1. c. 116, speaking of this provision, we said: "The statute does not authorize double damages for the loss of, or injury to, harness, even though it is lost or injured by the act of killing the animal wearing it at the time." We regard this as a proper construction of the statute. The second alternative clause of the above quotation from the statute does not include any damages except those to animals and we find nothing in the cases of Stanley v. Railway, 84 Mo. 1. c. 630, and Boggs v. Railway, 156 Mo. 1. c. 390, relied on by plaintiff holding to the contrary. The assessment of damages to the buggy was improper and the judgment will be reversed and the cause remanded unless within ten days from the filing of this opinion a remittitur of $110 be filed. In such event the judgment will be affirmed.

All concur.