IN RE ESTATE OF JAMES A. KELLAM, RESPONDENT, V. THOMAS A. MISNER, CLAIMANT, APPELLANT.—53 S. W. (2d) 401.

Kansas City Court of Appeals. June 13, 1932.

292

*Roy P. Swanson, Meservey, Michaels, Blackmar* and *Newkirk & Eager* for respondent.

*Warren A. Drummond* and *Luther W. Adamson* for appellant.

BOYER, C.—This case originated in the probate court and involves the validity of a *nunc pro tunc* order entered by said court which was sustained and re-entered by the circuit court. The purpose of the proceeding was to correct an error in a judgment entry which was made through mistake of the clerk in placing a claim in the wrong class.

The claim in question reached the probate court in a manner not made clear by the evidence. The substance and statement of the claim is the following:

"Estate of J. A. Kellam, Deceased,

To

"Thomas A. Misner

"For services rendered as a night-watchman from September 15, 1928, to September 17, 1929, on the premises known as 1116-18 Forest Avenue, and 1124 East 11th Street, Kansas City, Mo., at the stipulated wages of Five Dollars per night.................$1810.00

"Received prior to deceased's death..................... 970.00
_____

"Balance due claimant............................. 840.00"

On January 16, 1930, and during the November, 1929 term, this claim reached the hands of the clerk who placed upon it the endorsement reciting that it was allowed and placed in class 2, and the following entry was made in the clerk's minute book and in the record of the proceedings in the case:

"Thomas A. Misner, Claimant, versus E. C. Meservey, Executor, J. A. Kellman, deceased, No. 32834, class 2, for $840. Comes said claimant and files herein a claim for allowance against said estate,

and said executor having waived all notice in open court, the court finds for said claimant, and orders that said claim be allowed against said estate for the sum of $840, and placed in class two of demands, and paid accordingly.''

On the following day the claim was handed to the attorney of the executor who mailed it to the attorney for the claimant with a letter stating that the claim had been allowed. The attorney for the executor did not notice the endorsement on the claim that it was assigned to class 2, and neither he nor the executor was aware of such fact until the following July. At that time the discovery was made and the executor endeavored to have the attorney for claimant consent to a correction of the error of classification so that it would agree with the understanding of the parties that it was to be allowed as a claim of the fifth class. Claimant's attorney insisted that the entry of allowance and classification was a final judgment and that reclassification could not be made; that it was a mistake, but that the executor could not help himself; that the attorney for claimant was ''going to stand pat'' and would not allow the correction. There were insufficient assets in the estate to pay the demands of the fifth class and if claimant's demand stood in class 2 and was required to be paid as such the creditors of class 5 would lose to that extent.

Notice had been given to the executor that the claim would be presented on the first day of the November, 1929 term of the court. The executor was present in court at the time designated, but the claim was not then presented. The executor learned of the occurrence heretofore related in July, 1930, at which time he was directed to pay a dividend on claims allowed. He then discovered for the first time that the record showed the claim in question had been allowed as a second class demand. The term of court during which the record was made had adjourned and more than four months had elapsed. On July 21, 1930, during the May term of said court, the executor filed his motion in the probate court for a *nunc pro tunc* entry correcting the mistake of the clerk in classifying the claim. The motion set forth the pertinent facts heretofore related; the notice of the claim; the contents of the claim; that it belonged to the fifth class; that by inadvertence and mistake of the clerk the entry was made placing it in the second class, and prayed an entry *nunc pro tunc* correcting the judgment entry so that the claim should be allowed in the fifth class. There is no contention that the motion was insufficient in substance.

At the hearing in the probate court upon said motion claimant appeared in person and by attorney, and at the conclusion of the hearing the motion was sustained and a *nunc pro tunc* entry was made of record correcting the previous order. The court found that the clerk entered the order by mistake; that the executor was not present at the time the claim was presented and allowed; that the

claim was not placed in class 2 by the court, but was allowed and placed in class 5 of demands; and that the executor was entitled to have the entry corrected. The order of the probate court upon said motion concludes:

"It is therefore considered, ordered and adjudged by the court that said judgment entry of January 16th, 1930, be and the same is hereby corrected *nunc pro tunc*, so as to read as follows:

"Thomas A. Misner, Claimant vs. E. C. Meservey, Executor, James A. Kellam, Deceased. No. 32834.

"Class 5 for $840.00.

"Comes said claimant and files herein a claim for allowance against said estate, and said executor having previously been notified of said claim and making no objection thereto, the court finds for said claimant and orders that said claim be allowed against said estate for $840 and placed in Class 5 of Demands and paid accordingly."

From the foregoing order and judgment claimant appealed to the circuit court.

At the trial in the circuit court the claim and all record evidence pertaining to it were introduced in evidence and a number of witnesses were called including the executor, the clerk of the probate court, the attorney for the executor, the claimant, and one of his attorneys. Objection to a portion of the testimony was made on the ground that it was an attempt to modify a judgment of record by parol evidence. The evidence of the clerk received over the objection of claimant tends to show that he did not receive any direction at all from the judge of the court; that he found the claim among a number of others allowed on the same day; that he did not know the manner in which the claim was presented to the court, nor whether any evidence was heard. Other oral testimony shows among other things the facts heretofore related.

It is evident that when the claim was presented there was no contest of any character over its allowance or classification in the probate court, and it is conceded by the executor that claimant is entitled to an allowance of his demand as a claim of the fifth class. And it also appears that claimant was not entitled to have his demand classified otherwise, but is seeking to benefit by the mistake of the clerk and insists that the judgment as entered cannot be successfully assailed or corrected in the pending proceeding; and that whether right or wrong it is a finality on account of the lapse of the term of court at which it was entered, and also because the period of four months, in which a creditor or the executor could have corrected the judgment, had expired.

Claimant offered no evidence except that introduced during the cross-examination of witnesses and rested his case on a demurrer at the close of the evidence. Claimant requested the court to make findings of fact and conclusions of law which was done and the cir-

cuit court found the issues for the executor and found that the action of the probate court in correcting the order allowing the claim *nunc pro tunc* should be affirmed. And it was ordered and adjudged that in pursuance to the order of the probate court the record entry made therein on the 16th day of January, 1930, allowing the claim and placing it in class 2 be corrected *nunc pro tunc.* The remainder of the judgment is an exact duplicate of the judgment of the probate court entered on the same motion as shown above. A motion for new trial was filed by claimant. It was overruled and he duly appealed.

## Opinion.

The first point of error urged by appellant is that the trial court failed to find that the judgment entered *nunc pro tunc* was in fact the judgment originally entered by the probate court; that such fact is a substantive element which must be found in order to support the judgment where findings of fact are requested. The attention of the court was not called to the alleged error either before or after judgment. The criticism for the lack of sufficient findings of fact is directed to the written findings filed with the judgment. Said findings do not contain an express statement that the probate court had rendered a judgment classifying the claim in class 5, but the judgment rendered by the circuit court contains such a finding by necessary inference. The probate court found that the judgment actually intended and rendered was the judgment which was substituted *nunc pro tunc* for the erroneous order, and the circuit court found that the action of the probate court should be affirmed. Appellant is not in position to urge the point because it was not called to the attention of the trial court in the motion for a new trial. The only reference in said motion to any error in the findings made by the court was "because the court erred in each and every finding of fact made by the court in this cause." There is no reference whatever in the motion to any alleged error on account of the failure of the court to make any specific or sufficient finding on any fact in issue. The omission of the trial court to make a necessary finding of fact which is not called to the attention of the court in the motion for new trial is not reversible error. [Pathe Exchange v. McElroy, 243 S. W. 430, 433; Redmond v. Railway, 104 Mo. App. 651, 657, 77 S. W. 768.] It does not appear that any requested finding was denied. All that appears in the record is that appellant objected and excepted to the findings actually made. There is no objection or exception to any ruling of the court in which the court failed to find facts that were requested to be found by claimant. If claimant desired an express finding upon a given subject it was his duty to request it and not to remain silent, and if error was committed it should have been indicated in the motion for new trial. To convict the court of error on the point presented and to reverse the judgment would be equiv-

alent to permitting appellant to profit by his own neglect or by sharp practice.

What is said above in, effect disposes of the second point which is that the findings of fact and the judgment are not responsive to the issues and contradict the petition. Regardless of the findings of fact the judgment is appropriate. Its responds properly to the issues and disposes of the case. Even though some of the findings are unnecessary and not strictly responsive to the decisive issues, yet if the judgment upon the merits of the case is the right one under the law and the evidence it should be affirmed.

It is contended that there was error in the admission of oral evidence which tended to contradict the original judgment entry. Particular complaint is made of the testimony of the probate clerk to the effect that the court did not authorize the allowance of the claim in the second class and that he received no directions in respect to the claim from the judge. It may be conceded that such testimony was erroneously admitted; that it is incompetent as a basis for a *nunc pro tunc* order, and that such an order must be supported by some writing, minute, memorandum, paper, or entry in the case; and that matters lying wholly in parol are not available. If there is sufficient competent record evidence in the case the admission of incompetent testimony is harmless. And this brings up the last point directed against the sufficiency of the evidence to authorize a *nunc pro tunc* order. We are of opinion and hold that upon the record presented the judgment was authorized. There was no contest before the court upon the question of the class to which the claim belonged. In the absence of a controverted issue on the subject there was nothing for the court to do but classify the claim as the law directed, and it will be presumed that the court performed its duty.

Considering the manner in which this claim was before the probate court and the evident understanding of the parties that it was to be allowed and classified according to its true character without contest (a finding permissible from evidence to which there was no objection), it remained only for the court to allow the claim and to place it in the class designated by the law. It is apparent from the face of the claim that it cannot qualify for class 2 and that the law placed it in class 5. [Sec. 182, R. S. 1929; Kinder v. Schlesinger, 220 Mo. App. 596, 287 S. W. 1072.] It was the duty of the probate court to so classify the claim and it had no right to do otherwise. Under all the circumstances it was competent for that court and the circuit court to find from the record that the probate court intended to and did classify the claim as the law directed; and to find also that the erroneous entry made by the clerk upon the claim and in the record was the result of inadvertence, accident or mistake and did not express the judgment of the court. Such an irregularity or mistake can be corrected by entry *nunc pro tunc* after the judgment

term. Proceedings of this character rendered necessary in the interest of justice are favored by the courts. [15 R. C. L. 622, sec. 63.] "A motion for entry of judgment *nunc pro tunc* is addressed very largely to the discretion of the court, and should be granted or refused as justice may require in view of the circumstances of the particular case." [34 C. J. 72.] The procedure adopted in the present case was appropriate and the result was eminently in the interest of right. The evidence was sufficient to support the judgment, and the ruling now made finds judicial support if any should be required. [Stevens v. Kansas City L. & P. Co., 231 S. W. 1006; Carter v. Exposition Co., 124 Mo. App. 530; Henry County v. Salmon, 201 Mo. 136; Jillett v. Union National Bank, 56 Mo. 304, 306; Showles v. Freeman, 81 Mo. 540; Dawson v. Waldheim, 89 Mo. App. 245; Harlan v. Moore, 132 Mo. 483; Mitchell v. Overman, 103 U. S. 62.]

There was no error materially affecting the merits of the action. The judgment should be affirmed. The Commissioner so recommends. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of BOYER, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.