WELSH v. THE C., B. & Q. R. Co.

1. **Railroads :** INJURY TO STOCK: SERVICE OF NOTICE. A return of service on a notice of a claim for stock killed on a railroad, which recited that service was made upon the "station agent of the road," at a certain place, was held sufficient.

2. ——: ——: CONSTITUTIONAL LAW. The provision of section 1289 of the Code, authorizing the recovery of double damages for injury to stock in operating railroads, is constitutional.

3. ——: ——: RUNNING AT LARGE. A horse that has escaped from control and is at liberty, although it has on a halter and bridle, is running at large, within the meaning of the statute.

4. ——: ——: PROOF OF OWNERSHIP. It is incumbent on one suing for damages for injury to stock to establish his ownership of the stock before he is entitled to recover.

*Appeal from Page District Court.*

WEDNESDAY, JUNE 9.

ACTION to recover double the value of a horse alleged to have been killed by one of defendant's engines, at a point on the railroad of defendant where it had the right to fence its road. The defense was a denial of any knowledge or information sufficient to form a belief of the truth of the allegations of the petition. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*Hepburn & Thummel,* for appellant.

*J. L. Batchelor,* for appellee.

ROTHROCK, J.—I. The plaintiff introduced in evidence a notice in writing accompanied by an affidavit of the injury, and also an affidavit showing proof of service thereof. The proof of service recites that service of the notice was made on the defendant, "by reading the same to J. B. Sullivan, at the station of said railroad at Clarinda in said county, said Sullivan being the station agent of said road at said place, etc." Objection was made to the proof of service, and it is now insisted that the same does not comply with the provisions of the law, because it appears therefrom that service was made on the station agent of the *road*, and not on an "officer, station or ticket agent employed in the management of the business of the corporation in the county where the injury complained of was committed," as required by section 1289 of the Code. The objection is not well taken. Station agent of a railroad is a designation commonly used, and it is as well understood to mean agents of the company operating or owning a road, as the designation station agents of the railroad company or corporation.

*1. RAILROADS: injury to stock: service of notice.*

II. It is next argued that section 1289 of the Code, which authorizes the recovery of double damages, is in contravention of the constitution of the State. This section was first enacted in 1862, and in *Jones v. The Galena & Chicago Union Railroad Company*, 16 Iowa, 6, it was held to be a valid enactment, and not repugnant to any constitutional provision. Since the decision in that case the law has been regarded as settled, and it is now no longer a debatable question.

*2. ——: ——: constitutional law.*

III. The horse was struck by an engine of the defendant. His leg was broken, and he was otherwise injured so far as to be entirely valueless. The employes of defendant on the next morning after the injury killed and buried him. Plaintiff introduced evidence showing the fact that the horse was killed by the employes of defendant. This evidence was objected to, and is made the ground of an assignment of error. Prob-

ably it would have been sufficient for the plaintiff to have shown that the horse was so injured by the engine as to be of no value, but we cannot see how the defendant was prejudiced by the evidence, nor that it was incompetent to show that he was killed, for the reason that he was of no value injured as he was.

IV.   The court instructed the jury that it is the duty of a railroad company to fence its road against live stock running at large, at all points where such right to fence exists.   It is objected to this instruction that no such duty exists.

While it is true the statute does not impose an abstract duty or obligation upon railway companies to fence their roads, yet as to live stock running at large a failure to fence fixes an absolute liability for injuries occurring in the operation of the road, by reason of the want of such fence.   The corporation owes a duty to the owners of live stock running at large, either to fence its road or to pay for injuries resulting from the neglect to fence.   This was sufficiently explained to the jury in the instructions, and they could not have been misled in regard to the rights of the parties, as affected by the want of fences on that part of the road where the injury occurred.

V.   The evidence shows that when the horse was injured he had on a bridle with the rein over his head, and a halter

3. ——: ——: rope, which was untied and dragging.   It is urged
running at
large.          that the animal was not running at large within the meaning of the statute.   The court instructed the jury as follows:   "The words 'running at large,' as used in the statute, import that the stock are not under the control of the owners; that they are not confined by enclosures to a certain field or place, nor under the immediate care of a shepherd or herdsman; that they are left to roam wherever they may go. But where an animal escapes from the control of the owner, and cannot be caught by the owner, then such animal would be running at large within the meaning of the statute."

This instruction is correct; and we think the jury was fully

warranted in finding that the animal was running at large, notwithstanding he had on the bridle and halter strap. It does not appear that he was within the personal or physical control of any one.

VI. The court gave the jury the following instruction: "Possession is evidence of ownership, and if the proof shows that the plaintiff was last in possession of the horse in controversy before the injury complained of occurred, then such possession, in the absence of any proof to the contrary, is sufficient proof of ownership."

It is objected that there was no evidence to warrant this instruction. The objection is well taken. There is an entire absence of evidence of the ownership of the horse. There is no proof of possession. The ownership was an issuable fact. It was necessary for the plaintiff to prove in some way that he was the owner. He did not even make the *prima facie* proof by showing possession in himself. For this error the judgment must be reversed, and the cause remanded for a new trial.

REVERSED.