SCHLENGENER v. THE CHICAGO, MILWAUKEE & ST. PAUL. RAILWAY CO.

1. **Railroads:** INJURY TO STOCK: SERVICE OF NOTICE: The service upon a "station agent" of a railroad company of the notice required by section 1289 of the Code, as a foundation for the recovery of double damages, is sufficient, without a more specific showing that such agent was "employed in the management of the business of the corporation." *Welch v. C., B. & Q. Railway Company,* 53 Iowa, 632, followed.

2. **Instruction:** BURDEN OF PROOF. Where the defendant introduced no evidence, and there was no conflict in that introduced by plaintiff, the omission of the court to instruct the jury that the burden of proof was on the plaintiff could have wrought no prejudice to defendant, and was not reversible error.

3. **Railroads:** RIGHT TO FENCE: EVIDENCE. Where it appeared from the evidence that the cattle were killed on plaintiff's farm, at a place where there was no highway or public crossing, this was sufficient to warrant the jury in finding that the accident occurred at a place where defendant had the right to fence.

*Appeal from Cerro Gordo District Court.*

MONDAY, JUNE 11.

ACTION to recover double damages for stock killed by a train on defendant's road, at a place where the defendant had the right, but failed, to fence its road. Trial by jury, verdict and judgment for the plaintiff. Defendant appeals.

*Geo. E. Clark*, for appellant.

*H. H. Bush*, for appellee.

SEEVERS, J.—I. When stock is killed or injured by reason of the operation of a railroad at a place where the company has the right, but has failed, to fence its road, double damages may, under the statute, be recovered. But to entitle the plaintiff thereto, he must serve a notice in writing, accompanied with an affidavit showing the injury or destruction complained of, "on any officer, station or ticket agent, employed in the management of the business of the corporation in the county where the injury complained of was committed." Code, § 1289.

**1. RAILROADS: injury to stock: service of notice.**

To the notice was attached the affidavit of H. H. Bush, in which it was stated he had served the notice on "H. E. Barber, station agent of the defendant, at Garner, Iowa;" and Mr. Bush testified as a witness that he had served the notice on "H. E. Barber, the agent of the defendant, at Garner,"

The foregoing evidence was objected to on the ground that the same was immaterial and incompetent. The objection was overruled, and this ruling of the court is assigned as error. The point now made is that under the evidence the plaintiff was not entitled to recover double damages, because it was not shown that the person on whom the notice was served was "employed in the management of the business of the corporation." In *Welch v. C., B. & Q. Railway Company*, 53 Iowa, 632, the notice was served on "J. B. Sullivan, at the station at Clarinda, in said county, said Sullivan being the station agent of said road at said place;" and it was held that the service was sufficient. Following that case, we must hold the service of the notice in this case to be sufficient.

It is assigned as error that the court failed to say to the jury that the burden of proof was on the plaintiff, and that before he could recover he must establish the necessary facts by a fair preponderance of the evidence. The charge of the court fairly and fully

**2. INSTRUCTION: burden of proof.**

sets forth the facts which must be found by the jury before the plaintiff could recover. There was no conflict in the evidence, and we infer that the defenant did not introduce any evidence. The only question before the jury, therefore, was as to the sufficiency of the evidence introduced by the plaintiff. Under such circumstances, the defendant could not have been prejudiced by the failure of the court to say to the jury that the burden was on the plaintiff, and that he must establish his right to recover by a preponderance of the evidence. We doubt whether this point was made in the court · below until after the verdict. If so, it came too late. The record fails to show that the attention of the court was called to the omission before the jury retired to consider as to their verdict.

III. It is said, there was no evidence tending to show that the right to fence existed at the place where the stock was killed. But we think there was. The plaintiff testified that the cattle killed were "feeding on my place," and that "there was no highway or public crossing where they were killed." Another witness testified: "I saw the engine strike the two heifers. There was no public highway or crossing at the place." The sufficiency of this evidence was for the jury. By the term "place" the plaintiff meant farm, and the jury, no doubt, so understood him. The defendant had the right to fence its road through the plaintiff's farm, unless at a place where it was crossed by a highway. We think the evidence was sufficient to warrant the verdict. The appellee asks that he be allowed damages under the statute, on the ground. that the appeal was not taken in good faith, but for the purpose of delay. But we are not prepared· to say that this so clearly appears as to justify us in awarding damages.

3. RAILROADS:
right to
fence: evidence.

AFFIRMED.