### POLT v. CHICAGO, M. & ST. P. RY. CO.

Laws 1907, c. 215, relating to the liability of railroad corporations for injury caused by fires, does not penalize them for failure to comply with any specific duties, but creates absolute liability for actual damages when injury occurs, regardless of negligence or

violation of duty; the penalty of double damages fixed by the statute being inflicted for failure to ascertain and pay actual damages for injuries after notice; and, so construed, the act is a proper exercise of the police power.

(Opinion filed November 2, 1910.)

Appeal from Circuit Court, Aurora County. Hon. FRANK B. SMITH, Judge.

Action by J. F. Polt against the Chicago, Milwaukee & St. Paul Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

*J. D. Elliott* and *H. C. Preston,* for appellant.

The statutes making railroad companies liable as insurers for damages are purely remedial, for it makes railroad companies doing lawful acts, for their own profit, liable for actual damages, and no more. Such a statute is not a penal one; the law stops with actual damages. St. Louis & S. F. Ry. Co. v. Matthews, 17 Sup. Ct. Rep. 257; Hart et al. v. Western R. R. Co., 46 Am. Dec. 719; Grissell v. H. R. Ry. Co., 1 Am. St. 138; St. Louis & S. F. Ry. v. Matthews, 17 Sup. Ct. Rep. 243; Rowell v. Railroad, 24 Am. R. 59. The act in question undertakes to create an absolute liability, without negligence, and also to inflict a penalty, thus punishing the railroad company when doing a lawful act, and in no manner violating law. The Legislature has gone beyond the limit, in imposing an arbitrary rule of damages in excess of actual compensation, and the enforcement of such penalty, under such circumstances violates and infringes both state and federal Constitutions. Clerk v. Am. Express Co., 106 N. W. 644; Current Law, vol. 9, 873; Bennett v. Ry. Co., 16 N. W. 210; M. St. L. Ry. Co. v. Beckwith, 9 U. S. Sup. Rep. 207; Jolliffe v. Brown, 53 Am. St. Rep. 872; Low v. Rees Co., 43 Am. St. Rep. 670; Atkinson & N. Ry. Co. v. Baty, 6 Neb. 37; Wilder v. C. & W. M. Ry. Co., 38 N. W. 290; St. Louis, etc., Ry. Co. v. Paul, 62 Am. St. Rep. 154.

*Fellows & Fellows,* for respondent.

The adoption of the statute in this and other states making railroad companies liable for damages by fire caused by the operation of their locomotive engines, is but the re-enactment pro

tanto of the ancient common law for the better protection of property exposed to such unusual dangers. St. L. & S. F. R. Co. v. Mathews, (U. S.) 17 Sup. Ct. 250; Union Pac. Co. v. De Busk, 3 L. R. A. 350; M. & St. L. v. Beckwith, 129 U. S. 126; State v. Shevlin-Carpenter Co., 103 N. W. 935; Dey v. Woodworth, 13 How. 363; Mo. Pac. Ry. Co. v. Humes, 115 U. S. 512; A. T. & S. F. Ry. v. Mathews, 174 U. S. 96, 8 Cyc. 801.

SMITH, J.   Respondent commenced an action in the circuit court of Aurora county to recover damages under chapter 215, Laws 1907, requiring "railroad corporations to pay double the amount of damages incurred by fires communicated by locomotive engines." On July 22, 1908, appellant served upon respondent an offer in writing to pay him $500 in full for his damages.   On the trial a verdict was returned in favor of respondent for $780. Later respondent served a notice of motion for judgment, and the court directed a judgment in double damages, together with costs, and thereupon a total judgment of $1,715.35 was entered against appellant.   The only questions presented on this appeal relate to the constitutionality of the act under which the judgment for double damages was entered.

It is strenuously urged by appellant that the act of 1907, attempting to impose double damages, is unconstitutional.   It is conceded by appellant that such damages are penal in character, and that a railroad company may be required to pay double damages where there has been a violation of some specific duty.   It is contended, however, that the failure of duty for which such penalty may be imposed must be one which itself contributes to the injury. It is urged that this act of 1907 creates a debt, an absolute liability, as soon as the injury occurs, with no possible defense thereto, and the only question which can be litigated is the amount of appellant's damages; and that because the parties may fail to agree as to the amount, and suit is brought in the courts to determine the controversy, where the railroad company is unsuccessful, and the damages assessed are one cent more than the sum offered by the company, then the defendant is penalized in double the amount of actual damages, and this with no corresponding liability upon the

plaintiff for a failure to agree upon the amount, except the imposition of costs.

It is strenuously urged that no class of persons can be singled out and required to pay a penalty for the privilege of appealing to the courts, and that the company may escape double damages only by failing to exercise its privilege of resisting in a court of justice a debt which, in amount, it deems unjust. Our attention has not been called to any decision holding that the violation of duty for which such a penalty may be imposed by statute must be a violation of a duty which contributes directly to the specific injury complained of. It is true that in most instances the duties for a violation of which double damages are imposed are duties tending to guard against injuries which may result in some manner from the operation of railroads, but no case has been cited which holds that a failure on the part of the company to pay actual damages may not be penalized by statute. It is plain that the statute under consideration does not by any of its provisions attempt to penalize the railroad company because of its failure to comply with any specific duties arising in the operation of the railroad, but that its liability for actual damages for such injuries becomes absolute and fixed whenever the injury occurs, irrespective of whether the company has been guilty of negligence or of a violation of any duty imposed upon it by law. It would seem, therefore, that the only duty the failure to perform which is penalized by this statute is the duty to ascertain and pay actual damages for injuries within 60 days after notice. It may be conceded, as contended by appellant, that this statute creates an absolute liability for injuries which renders immaterial all questions as to negligence in the operation of railroad trains, as well as failure to comply with statutory requirements, such as fences, cattle guards, etc., but it also prescribes and creates a duty on the part of the company to correctly ascertain and tender the amount of actual damages within 60 days after notice of the injury. The penalty is not imposed because of litigation which may follow the injuries, but because it is made the duty of the company, both to correctly ascertain and to offer to pay the damages. If such a

statutory requirement is a proper exercise of police power, it violates no constitutional right. The duty thus imposed may be one of the greatest difficulty and may result in injustice in many instances, but this court cannot say that it is impossible of performance. It may be conceded that a legislative act which should attempt to create an absolute liability to pay double the actual damages in every case of injury, where no failure of any duty, within the scope of police power or control is involved, might be a questionable exercise of legislative power. But, if it be conceded that this duty to correctly ascertain the actual damages is one which may be imposed as an exercise of police power, such an enactment cannot be held to interfere with any constitutional right. The weight of judicial opinion seems to us to sustain the proposition that such a requirement is a proper exercise of police power. In the case of Jensen v. South Dakota Central Railway Co., infra, this court said: "Another ground for the exercise of such police power found in the enactments in question is that the injury actually received in such cases is often so small that in many cases no effort would be made by the sufferer to obtain redress, if the private interest was not supported by the imposition of some punitive damage. Such seem to be the principles established by the following authorities: M. & St. L. Ry. Co. v. Beckwith, 129 U. S. 26, 9 Sup. Ct. 207, 32 L. Ed. 585; Welsh v. C., B. & Q. Ry. Co., 53 Iowa, 632, 6 N. W. 13; Bennett v. Wabash Ry. Co., 61 Iowa, 355, 16 N. W. 210; Mo. Pac. Ry. Co. v. Humes, 115 U. S. 512, 6 Sup. Ct. 110, 29 L. Ed. 463; Atchison, T. & S. F. Ry. Co. v. Matthews, 174 U. S. 96, 19 Sup. Ct. 609, 43 L. Ed. 909; Freund on Police Power, pp. 630-637." The proposition involved is identical with that decided by this court in Jensen v. South Dakota Central Railway Co., 25 S. D. 506, 127 N. W. 650, and that case must be held to be decisive of this appeal.

The order and judgment of the trial court are therefore affirmed.