HALSETH, Respondent, v. SOUTH DAKOTA CENTRAL RAILWAY COMPANY, Appellant.

(147 N. W. 992.)

1. **Railroads—Injuries to Animals—Ownership—Sufficiency of Evidence—Directed Verdict.**

While, in an action for value of hogs killed by a railroad train, the evidence as to plaintiff's ownership of the hogs was meager, yet, held, that, as against a motion to direct a verdict, it was sufficient to support a verdict for plaintiff.

2. **Trials—Railroads—Negligence—Injuries to Animals—Questions for Jury.**

In an action for value of hogs killed by a railroad train, the question of negligence was for the jury, under proper instructions.

(Opinion filed June 29, 1914.)

Appeal from Circuit Court, Lake County. Hon. JOSEPH W. JONES, Judge.

Action by August Halseth against the South Dakota Central Railway Company, to recover damages for hogs killed by de-

fendant's train. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

Joe Kirby, for Appellant.

Farmer & Blewitt, for Respondent.

(1) Under point one of the opinion, Appellant submitted that: There is no evidence that the hogs killed belonged to the plaintiff.

Respondent submitted that: The fact of ownership having been found by the jury in favor of plaintiff, is conclusive upon this point.

(2) Under point two of the opinion, Respondent submitted: This conflict of evidence was a question for the jury. And cited: Schinnke v. C. M. & St. P. Ry. Co., 11 S. D. 471; Sprague v. Fremont E. & M. V. Ry., 6 S. D. 86; Sheldon v. C. M. & St. P. Ry., 6 S. D. 606.

GATES, J. Action for damages for hogs killed by defendant's train. The jury found the value of the hogs to be $87.50. The court rendered judgment for double that amount together with costs and disbursements. From the judgment defendant appealed urging three principal grounds of error: (a) the unconstitutionality of the double damage statute (chap. 218, Laws of 1907); (b) the refusal to direct the verdict because of the absence of evidence as to the ownership of the hogs; (c) that plaintiff was and that dedendant was not negligent.

Since the entry of judgment and the preparation of appellant's brief, the supreme court of the United States in the case of C. M. & St. P. Ry. Co. v. Polt, 232 U. S. 165, 58 L. Ed. —, 34 Sup. Ct. Rep. 301, has reversed the judgment of this court in the case of Polt v. C. M. & St. P. Ry. Co., 26 S. D. 378, 128 N. W. 472. That court held the double damage feature of chap. 215, Laws 1907, to be obnoxious to the rudiments of fair play. Because of such decision upon the validity of the railway fire statute respondent concedes that the sum of $87.50 must be deducted from the judgment in this case.

[1] The proof as to the ownership of the hogs was meager, but we think it sufficient as against a motion to direct the verdict. Plaintiff lost eight hogs and while he did not testify as to having seen them at the time of or after the accident, a neighbor did. The neighbor testified: "I know whose hogs these were because I had seen them in plaintiff's yard and could identify them as the same

hogs." While this assertion of ability to identify them was weakened by his subsequent testimony, we cannot say that, as a matter of law, there was no proof that plaintiff owned the hogs. ·

[2] The question of negligence was, as has often been said, for the jury to determine under proper instructions from the court. No reason has been advanced which would justify this court in reviewing that question.

The judgment of the trial court is modified by deducting therefrom the sum of $87.50 and as so modified it is affirmed. Costs will not be taxed by or against either party in this court.