THE LOUISVILLE, NEW ALBANY AND CHICAGO R. W. Co. *v.* SPAIN.

RAILROAD.—*Killing Stock.—Complaint.—Fence.—Motion in Arrest.*— In an action under the statute, commenced in the circuit court, against a railroad company, for killing stock, the complaint alleged, that, " at a place on the track of said railroad, where the same was not securely fenced", the defendant, " by its servants, locomotives and cars, ran upon, against and over" the stock and killed it.

*Held*, on motion in arrest, that as the defect in the allegation as to fencing could be and was supplied by the evidence and cured by the verdict, the complaint is sufficient.

SAME.—*Evidence as to Fence.*—Where the evidence given on the trial of such an action shows that the stock killed had entered upon the track, over a line of fence that was generally insecure, it is not necessary that it also show that the particular part thereof over which the stock passed was insecure.

SAME.—*Expert.*—It is proper for the plaintiff in such case to enquire of competent witnesses whether such fence was such as good husbandmen usually kept.

From the Tippecanoe Circuit Court.

*J. M. LaRue* and *F. B. Everett*, for appellant.

*R. C. Gregory* and *W. B. Gregory*, for appellee.

HOWK, J.—This was an action by the appellee, as plaintiff, against the appellant, as defendant, in the court below, to recover the value of two horses alleged to have been killed by the appellant's cars. In the appellee's complaint it was alleged, in substance, that, at the time of the commission of the wrongs and injuries set forth in said complaint, and afterward, the appellant was the owner of, and operating, a line of railroad in and through Tippecanoe county, and was bound by law to keep the track of said line of railroad securely fenced; that, on or about the 1st day of November, 1875, and at and in said county, at a place on the track of said railroad where the same was not securely fenced, the appellant, by its servants, locomotives and cars, run upon, against and over one bay horse, of the value of two hundred dollars, and one gray horse, of the value of one hundred and fifty dollars, of the aggregate value of three hundred and fifty dollars, the property of the appellee, by means whereof the said horses were killed, to the appellee's damage in the sum of four hundred dollars, for which sum he demanded judgment, etc.

To this complaint the appellant answered by a general denial thereof. The issues joined were tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of two hundred and seventy-five dollars.

The appellant's motions for a new trial and in arrest of judgment were severally overruled; and to each of these decisions the appellant excepted, and judgment was rendered on the verdict.

In this court the appellant has assigned, as errors, the following decisions of the court below:

1st. In overruling its motion for a new trial; and,

2d. In overruling its motion in arrest of judgment.

The appellant's motion in arrest of judgment called in question the sufficiency of the appellee's complaint. The

objection to the complaint is thus stated by the appellant's counsel, in their argument of this cause, in this court:

"We insist, that proof of the condition of the fence, at the place where the animals got upon the track, is essential to a recovery; and, if so, that it must be alleged."

In other words, it is claimed that the complaint was fatally defective, even after verdict and on a motion in arrest, because it was not alleged therein that the appellant's railroad was securely fenced at the point where the appellee's horses got upon the track.

In our opinion, this position is not well taken. If this objection to the complaint had been taken by demurrer for the want of sufficient facts, or by a motion to make the complaint more specific in this regard, we would incline to the opinion, that it ought to have been sustained. But this defect in the complaint was one that could be supplied by the evidence and cured by the verdict, and we think it was in this case. In cases similar to the one at bar, originating before justices of the peace, it has been repeatedly held by this court, that complaints, substantially the same in their averments as the complaint in this case, were sufficient. The Indianapolis, etc., R. R. Co. v. Adkins, 23 Ind. 340; and The Ohio, etc., R. W. Co. v. Miller, 46 Ind. 215.

It is very clear, we think, that no error was committed by the court below, in overruling the motion in arrest of judgment.

In its motion for a new trial, the appellant assigned the following causes therefor:

"1.    The verdict is contrary to law;

"2.    It is not sustained by sufficient evidence; and,

"3.    Because of error of law, occurring at the trial, in this:

"A.    The court permitted the plaintiff to ask witnesses, at the trial of this cause, the following question, the de-

'fendant objecting': 'In your judgment, was this fence such as good husbandmen usually kept?'

"*B.* The court permitted the plaintiff to ask witnesses, at the trial of this cause, the following question: 'What is your opinion, as a farmer, as to whether the fence was sufficient to turn ordinary stock, about the first of November, 1875, and for a period of a month prior thereto?'"

In discussing the alleged errors of law occurring at the trial, specified in the motion for a new trial, the appellant's attorneys, in their brief of this cause, thus state their position: "The objection to the question was, because it does not limit the proof to the place where the horses crossed it to get on the track, and because this was not the proper mode of proving the sufficiency or insufficiency of the fence."

In the seventh and last section of the statute under which this action was brought, it is provided, that "This act shall not apply to any railroad securely fenced in, and such fence properly maintained by" the railroad company or other person running the same. 1 R. S. 1876, p. 753.

In this case the evidence showed very clearly, that the appellee's horses got on the railroad track by crossing a fence which separated the land of one Sylvester Taylor from the railroad, on the west side thereof. This fence was a little more than one-half mile in length. From the evidence of each and all of the witnesses examined on the trial of this cause, it abundantly appeared, that this fence was old, unsafe and insecure, and that the appellant's railroad was not "securely fenced in." It did not appear, that, at the particular point where the appellee's horses got upon the railroad, the fence was insecure, nor did the contrary appear. The evidence was, that the fence specified was unsafe and insecure, without reference to any particular point or locality, and that the appellee's horses were not breachy. It seems to us, that this evi-

dence was sufficient to fix the appellant's liability, under the statute, for the horses killed; and that the appellee was not, and ought not to be, required to prove that each particular panel of the fence was unsafe and insecure, or that the particular panel of the fence, where his horses got upon the railroad track, was unsafe and insecure. If that particular panel of the fence was in fact safe and secure, it was not shown by any evidence in the record; and the appellee having shown that the fence generally was unsafe and insecure, and that the appellant's railroad was not thereby securely fenced in, it was unnecessary for him to go further and show that this unsafe and insecure fence was unsafe and insecure at the precise point where his horses crossed it to get on the railroad. In our opinion, no error was committed in overruling the appellant's objections to the appellee's questions to his witnesses, as the same are set out in the motion for a new trial.

It is very clear, we think, that the verdict of the jury in this case was fully sustained by sufficient legal evidence.

The motion for a new trial was properly overruled.

The judgment is affirmed, at the appellant's costs.