BENNETT v. THE WABASH, ST. LOUIS & PACIFIC R'y Co.

1. **Railroads:** OBLIGATION TO FENCE: DOUBLE DAMAGES. In order that
   a railway company may escape liability for double damages for injury
   to stock under the statute, it is not enough that it once fence its track;
   it must *maintain* a sufficient fence.

*Appeal from Fremont District Court.*

THURSDAY, JUNE 14.

ACTION to recover double damages for stock killed or in-
jured by trains on defendant's road, at a place where the de-
fendant had the right, but failed, to maintain a sufficient
fence. Trial by jury, verdict and judgment for the plaintiff,
and defendant appeals.

*A. L. Young*, for appellant.

*C. S. Keenan*, for appellee.

SEEVERS, J.—There was a fence constructed at the place
where the stock was killed, but the plaintiff claimed it was

not·a lawful fence, that it had, become out of repair, and was insufficient to restrain stock. The court gave proper instructions to the jury as to the right, of the defendant to fence its track, and its responsibility, if it failed to do so; and also instructed the jury that if the fence became out of repair, and thereby the stock was killed, yet the defendant was not liable, unless it had knowledge of its condition, or the fence had been out of repair for such a length of time that by the exercise of reasonable care and diligence the defendant could or should have known it was out of repair and insufficient. There was evidence to warrant the giving of the instructions just stated. If they were excepted to, defendant has failed to assign the same as error, and they therefore must be regarded as the law of the case. Counsel insist, as we understand him, that the evidence of the condition of the fence, and the length of time it was in bad condition, was insufficient to warrant the finding of the jury. But we think otherwise. It is unnecessary to set out the evidence as contained in the amended abstract. It is deemed sufficient to say that the evidence clearly tends to show the essential facts; and we think it fully sustains the finding of the jury. Counsel insists that if the road has been fenced, and the fence gets out of repair, and, because of such want of repairs, stock gets on the track and are killed, double damages cannot be recovered. The argument being that it is the failure to fence only which gives the right to such damages. Code, § 1289. But we think the only proper construction of the statute is that, in order to escape liability, the company must not only fence, but keep the road sufficiently fenced: and this has been more than once ruled. *Aylesworth v. C., R. I. & P. R. R.*; 30 Iowa, 459; *Perry v. D. S. W. R. R. Co.*, 36 Id., 102; *McCormick v. C., R. I. & P. R. R. Co.*, 41 Id., 193.

AFFIRMED.