FREDERICK J. CLARK v. THE CHICAGO & WEST MICHIGAN
RAILWAY COMPANY.

*Negligence—Railway company not guilty of, where a subcontractor, while
delivering ties on its track, uses an opening in right-of-way fence made by
the contractor—And a horse, tied to a log seven or eight rods from track,
breaks away and escapes onto the track, and is killed by a passing train
—As between company and subcontractor, there was no obligation to keep
the fence up—Length of time it had been down immaterial.*

A contractor with a railroad company, who had agreed to de-
liver ties upon its track from adjoining land, and to that end had
taken down a portion of its right-of-way fence, sublet to plaintiff a
portion of said job, who sent his son, with a horse that was afraid of
cars, to haul ties.   The son, after hauling one load, tied the horse to
a knot or limb on a log seven or eight rods from the track, and went
into the adjacent woods to break a road.   During his absence a train
passed, and the horse broke away and ran through the opening onto
the railroad track, and was killed.

*Held*, in a suit brought by the owner for damages, that the evidence
failed to show that the railroad company was guilty of negligence ;
that plaintiff was using the passage-way for his own convenience,
during which use defendant was under no obligation, as between it
and plaintiff, to keep the fence up ; and that under the evidence the
length of time the fence had been down was immaterial.

Error to Muskegon.    (Russell, J.)    Argued June 30,
1886.    Decided July 8, 1886.

Case. Defendant brings error. Reversed. The facts are stated in the opinion and head-note.

*Smith, Nims, Hoyt Erwin,* for appellant.

[No authorities cited.—REPORTER.]

*Keating & Dickerman,* for plaintiff.

[No authorities cited on point decided.—REPORTER.]

CHAMPLIN, J. The only negligence alleged in the declaration is that of the defendant in not maintaining a fence along the line and sides of its road-bed and track, as required by law.

It alleges that the defendant carelessly, negligently, and wrongfully permitted a certain portion of its fence to fall down, so that a gap or opening existed in its fence, which it did not repair, and had not repaired for some time prior thereto.

From the plaintiff's testimony it appears that one Dyke Trumbull had a contract with defendant to deliver a quantity of railroad ties upon the right of way of defendant, and had taken down a portion of defendant's fence at the point complained of, through which to draw the ties contracted to be delivered.

In the month of February, 1884, plaintiff agreed with Trumbull to haul out and place on the defendant's right of way railroad ties towards filling this contract. The plaintiff was the owner of a horse that was afraid of the cars, and sent his son, who was eighteen years of age, to haul out ties with this horse. There was snow upon the ground, and there was no track through this snow, from the swamp where the ties were, to and through this gap or place in the fence, until one was made by the plaintiff's son in hauling out one load of ties. He had hauled one load, and went back into the swamp for another, where he tied the horse to a hemlock knot in a log about seven or eight rods from the railroad, and then went off into the woods to break a road. He was gone about three-quarters of an hour, and while away heard a train pass. When he came back, about fifteen minutes later, he found

the horse gone. The horse had broken loose, and ran, following the track out through the gap in the fence, and upon the track, where it was hit by the engine of the passing train and killed. No negligence is alleged in the management or running of the train.

At the conclusion of plaintiff's testimony defendant's attorney requested the court to take the case from the jury and direct a verdict for the defendant, which the court refused to do, but left it for the jury to say whether defendant was guilty of negligence in not keeping the fence in good repair.

The facts, as proven by the plaintiff, do not show any negligence on the part of the defendant for which it should be held liable. The plaintiff was using the gap or passage-way in the fence for his own purpose and convenience; and, while so using it, the defendant was not in default for not putting up the fence between each load hauled. It was not its duty to station a man there to take up and put down the fence to enable plaintiff to pass in and out of defendant's right of way; and, as between the plaintiff and defendant, it owed to plaintiff no such duty. And under the facts of this case it is immaterial whether the gap had existed for any length of time previous to its use by the plaintiff.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.