BECKSTEAD, RESPONDENT, v. MONTANA UNION R. R.
CO., APPELLANT.

[Submitted January 28, 1897.  Decided February 1, 1897.]

*Fence Law—Constitutionality—Conflict of Evidence.*

FENCE LAW—*Constitutionality.*—The act of 1891, page 267, requiring railroad companies
to fence their roads with fences "suitable and amply sufficient to prevent live stock
from getting thereon," or else to respond in damages for animals killed or injured,
except when "occasioned by the wilful act of the owner or his agent," is not uncon-
stitutional.

SAME—*Evidence.*—The complaint alleged that plaintiff's cattle strayed upon defendant's
railroad track by reason of an insufficient fence and had been killed by a moving
train; the answer alleged that the cattle had strayed upon the track through a gate
left open by plaintiff; this was denied in the replication; the evidence was conflicting
as to whether or not either the fence or the gate was sufficiently strong, and as to
whether the gate was open; it did not appear from the evidence that the gate was
left open by plaintiff; or by any one else; and the court instructed the jury that the
plaintiff could not recover if the gate was left open by any one other than the defend-
ant. *Held,* that the evidence being conflicting and supporting the allegation that both
the fence and gate were insufficient, the order denying the motion for a new trial will
be affirmed.

*Appeal from District Court, Deer Lodge County. Theo.
Brantly, Judge.*

ACTION by A. Beckstead against the Montana Union Rail-
way Company to recover damages for the killing of plaintiff's
stock.  From a judgment for plaintiff, and from an order de-
nying a motion for new trial, defendant appeals.  Affirmed.

Statement of the case by the justice delivering the opinion.

This action was instituted under the law of 1891 (Acts Second
Legislative assembly, page 267), requiring railroad companies
to fence their roads with fences "suitable and amply sufficient
to prevent live stock from getting thereon," or else to respond
in damages for animals killed or injured, except when "oc-
casioned by the wilful act of the owner or his agent."  Said
law also allows double the damages when not paid within 30
days after notice thereof.  The complaint alleged that four
head of cattle belonging to plaintiff (respondent) had strayed

upon defendant's (appellant's) track, by reason of an insufficient fence, and been killed by a moving train; also, that defendant had not paid the damages sustained within 30 days after written notice.   The answer contained an admission of the nonpayment of damages, certain denials, and alleged affirmatively that the cattle had strayed upon its track through a gate left open by plaintiff.   The replication denied the contributory negligence.   The trial resulted in a verdict for plaintiff, and from the order denying the motion for a new trial, and the judgment, defendant appeals.

*George Haldorn*, for Appellant.

*Napton & Napton*, for Respondent.

BUCK, J.—This appeal was submitted on briefs.   Appellant asks for a reversal only on the grounds that the act of 1891 is unconstitutional, and that the evidence shows plaintiff was guilty of contributory negligence, as alleged in the complaint.   The brief filed in its behalf is silent as to any error committed by the lower court in instructing the jury or ruling on the evidence.   From the record it clearly appears that there was a conflict as to whether the fence was a sufficient one under the statute, and as to whether the cattle had broken through the fence, or gone upon the track through an open gate.   It does not appear that the gate was left open by the owner of the cattle or any one else.   The court instructed the jury that if the gate had been left open by any one other than defendant, and from such negligence the cattle were killed, plaintiff could not recover.   The jury evidently found that the cattle had broken through the fence.   There was ample evidence to support the verdict on the ground of the insufficiency of the fence.   There was also evidence to show that the gate was an insufficient one.   Under these circumstances, the rule as to a conflict in the evidence must control, and the authorities cited by appellant as to contributory negligence are inapplicable.   We hold the law constitutional. It is substantially the Iowa statute on the same subject.   Its

constitutionality has been upheld in the following cases: *Railway Co.* v. *Beckwith*, 129 U. S. 26, 9 Sup. Ct. 207; *Bennett* v. *Railway Co.* 61 Ia. 355, 16 N. W. 210. The judgment is affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.