(October 13, 1911.)

## GEORGE M. BROWN, Respondent, v. OREGON SHORT LINE RAILROAD CO., a Corporation, Appellant.

### [118 Pac. 768.]

STATUTORY CONSTRUCTION—RAILROAD TRACK—PUBLIC HIGHWAY ACROSS —CATTLE-GUARDS—GATES—FENCING TRACK.

(Syllabus by the court.)

1. Under the provisions of sec. 2816, Rev. Codes, every railroad company whose line runs through or across any desert or unoccupied territory is required to keep and maintain suitable crossings and cattle-guards wherever any public highway or publicly traveled road crosses its track, and in case the railroad company fences its track across such desert or other unoccupied territory, it is required to place gates at convenient intervals not exceeding four miles apart for crossing the track where there are no such roads within that distance.

2. A gate is a contrivance in a fence, or a part of the fence, made for the purpose of passing through the fence, into or out of an inclosure.

3.  Sec. 2815, Rev. Codes, provides that every railroad company shall erect and maintain lawful fences where its track passes through, along or adjoining cultivated fields or inclosed lands, with proper and necessary openings and gates therein, and farm crossings; and construct and maintain cattle-guards at all highway crossings where fences are required to be built, suitable and sufficient to prevent horses, cattle and other stock from getting on the railroad track.

4.  By the provisions of sec. 2816, Rev. Codes, it was not intended to require the railroad company to erect gates in places where the railroad track was not fenced nor required to be fenced.

APPEAL from the District Court of the Fourth Judicial District for Lincoln County. Hon. Edward A. Walters, Judge.

Action to recover the value of certain cattle killed by the engine and train of the defendant. Judgment for plaintiff. *Affirmed.*

P. L. Williams, and D. Worth Clark, for Appellant.

Johnson & Haddock, for Respondent.

Counsel cite no authorities.

SULLIVAN, J.—This action was commenced to recover damages in the sum of $293 on account of the killing and maiming of certain cattle by being struck by one of defendant's engines, on or about the 22d day of February, 1907. The evidence shows that said cattle went upon defendant's railroad track at a point where said railroad track crosses a road or highway, known as the Starrh's Ferry road; that said highway had been there for at least twenty-five years and had been worked and taken care of by the county; that the cattle walked down said highway until they came to the railroad crossing and then turned off the highway at that point and walked along the railroad track to the place where they were struck by the train.

On that state of facts it is contended that if there had been proper cattle-guards at the sides of the highway where it

crosses the railroad track, the cattle could not have gone upon the track from the highway.

There is but one question presented on this appeal, and that is the proper construction of sec. 2816, Rev. Codes, which section is as follows:

"It shall be the duty of every railroad company whose line runs through or across any desert or other unoccupied territory, to keep and maintain suitable crossings and cattle-guards, whenever any public highway or publicly traveled road crosses the same, and to place gates at convenient intervals, not exceeding four miles apart, for the crossing of the same wherever there are no roads within such distances."

The court instructed the jury substantially in the language of said section, and instructed them if they found from the evidence that the defendant had failed to construct suitable cattle-guards, it was guilty of negligence, and if the plaintiff had suffered damages on account thereof, they should find for the plaintiff. Said section first requires the railroad company to maintain a suitable crossing and cattle-guards wherever a public highway or a publicly traveled road crosses the railroad track, and, second, it requires the company to place gates at convenient places, not exceeding four miles apart, wherever there are no roads within such distances.

. It is contended by counsel for appellant that gates and cattle-guards would be no protection to cattle or stock except where the company had fenced its right of way, and that by the provisions of said section the legislature never intended to require the company to put in cattle-guards or gates where its track was not fenced. We cannot agree with that contention. By the provisions of that section the legislature intended to protect cattle as far as reasonably possible when crossing a railroad track on a public road. It is a well-recognized fact that when cattle or other stock are traveling on a highway that crosses a railroad track, when they come to the track they are very apt to leave the highway and turn down the track, and the legislature no doubt knew the habits of cattle and other stock in that regard, and concluded that much livestock would be saved by placing cattle-guards in

railroad tracks on each side of a public highway. In 'the case at bar, had the railroad company placed cattle-guards in its track each side of said public road, said cattle no doubt would have passed over the track and not turned down it, as they did. Said section requires the railroad company to place cattle-guards each side of every public road that crosses its track, whether its right of way be fenced or not.

The purpose of that provision of said section requiring a railroad company to place gates at convenient intervals not exceeding four miles apart is to make it convenient for people who want to cross the railroad track in places where the railroad company has fenced its track in desert or unoccupied territory where it is not required to do so by the provisions of sec. 2815. It certainly would not be necessary to place a gate in an open stretch of country where there was no fence, and a gate would serve no practical purpose unless it was used in connection with a fence. We do not think it was the intent of the legislature in enacting said section to compel the railroad company to construct gates at places where they had constructed no fence in connection with them, and under the universally accepted definition of the word "gate," which the legislature no doubt had·in mind, it was not the intent that the railroad company should place a gate in the open country by itself and not in connection with a fence. A gate is a contrivance in a fence made for the purpose of passing through, into or out of an inclosure. It is a part of the fence. (4 Words and Phrases, p. 3046. See, also, the Standard Dictionary, and Webster's New International Dictionary.)

In this state we have great stretches of country through which the railroads pass that are not cultivated or inclosed, and such country is designated in said section as "desert or other unoccupied territory," and it was to such lands that sec. 2816 was intended to apply, and not to such lands as are included in sec. 2815. As suggested by counsel for the appellant, the legislature evidently did not intend to require the company to erect a gate on each side of its track where it had no fence simply for the purpose of adorning the desert

and to be left to swing back and forth at the mercy of the elements.

We find no error in the record. The judgment is therefore *affirmed,* with costs of this appeal in favor of the respondent.

Stewart, C. J., and Ailshie, J., concur.