(June 27, 1917.)

JOSEPH SACCAMONNO, Respondent, v. GREAT NORTHERN RAILWAY COMPANY, a Corporation, Appellant.

[166 Pac. 267.]

DUTY OF RAILROADS TO MAINTAIN GATES AND FENCES—STATUTORY CONSTRUCTION—WISDOM OF LEGISLATIVE ACT NOT MATTER FOR JUDICIAL DETERMINATION — INSTRUCTIONS — GIVING OF INSTRUCTIONS TOO FAVORABLE TO APPELLANT NOT REVERSIBLE ERROR—JURY PRESUMED TO FOLLOW INSTRUCTIONS—CONFLICT IN EVIDENCE.

1.   The gates at private railroad crossings provided for in section 2815, Rev. Codes, as amended (Sess. Laws 1911, p. 706), are a part of the fence which it is made the duty of the railroad company to maintain, and it is equally its duty under said statute to keep such gates securely closed, so as to afford the same protection from stock getting on its right of way at such places as at other points.

2.   The fact that the legislature in amending section 2815, Rev. Codes, omitted the latter portion of said section, as follows: "No recovery can be had on account of stock injured or killed which come upon said highway [right of way] by reason of failure to keep such gates closed," indicates the legislative intent to require railroad companies to maintain gates at private crossings and keep them closed, in order to relieve themselves from liability under said section as amended, in so far as third parties and the public are concerned.

3.   The wisdom or policy of a legislative act which imposes upon railroad companies a duty to keep gates closed for private crossings of their tracks and makes them liable for failure without knowl-

edge to keep such gates closed, is not a matter for judicial consideration, nor will the court interfere with the legislative policy of imposing liability upon railroad companies for failure to keep their rights of way fully protected, where under the statute it is their duty to fence their tracks and keep their gates closed.

4. Where a jury might have arrived at their verdict upon different theories of the case, one of which would involve disregard of the instructions of the court, and the other a due regard for such instructions, it must be presumed that the jury followed the court's instructions in arriving at their verdict.

5. Where there is a substantial conflict in the evidence the verdict of the jury will not be disturbed.

6. Where certain instructions of the trial court are erroneous, but are in fact more favorable to appellant than a correct statement of the law would justify, appellant cannot be said to have been prejudiced by the giving of such instructions, and is not in a position to complain of the verdict arrived at, on the ground that such instructions were given.

[As to the failure of railroad company to comply with statute in fencing as negligence, see note in **Ann. Cas.** 1912D, 1106.]

APPEAL from the District Court of the Eighth Judicial District, for Bonner County. Hon. John M. Flynn, Judge.

Action against the Great Northern Railway Company to recover damages for the killing of plaintiff's horse. Judgment for plaintiff. *Affirmed.*

Charles S. Albert, Thos. Balmer and H. H. Taylor, for Appellant.

There was no evidence to show that the plaintiff's horse got upon the right of way of the defendant at a point where it was required to fence, and the evidence does show that it got in through a gate, which it was not required to keep closed.

Under these facts judgment should be ordered for the defendant. (*Reid v. San Pedro L. A. & S. L. R. Co.*, 39 Utah, 617, 118 Pac. 1009; *Missouri K. & T. Ry. Co. v. Johnson* (Tex. Civ.), 39 S. W. 323; *Rhines v. Chicago & N. W. Ry. Co.*, 75 Iowa, 597, 39 N. W. 912; *Louisville N. A. & C. Ry. Co. v. Goodbar*, 102 Ind. 596, 2 N. E. 337, 3 N. E. 162; *Louisville E. & St.*

*Louis Ry. Co. v. Thomas,* 106 Ind. 10, 5 N. E. 198; *Bremmer v. Green Bay S. P. & N. Ry. Co.,* 61 Wis. 114, 20 N. W. 687; *Johnson v. Chicago, R. I. & P. Ry. Co.,* 55 Iowa, 707, 8 N. W. 664; *Great Western Ry. Co. v. Hanks,* 36 Ill. 281; *Sowders v. St. Louis & S. F. R. Co.,* 127 Mo. App. 119, 104 S. W. 1122; *Creson v. Missouri K. & T. Ry. Co.,* 152 Mo. App. 197, 133 S. W. 57; *Lynn v. St. Louis, I. M. & S. Ry. Co.,* 164 Mo. App. 445, 146 S. W. 451; *Kimball v. St. Louis & S. F. Ry. Co.,* 99 Mo. App. 335, 73 S. W. 224.)

Under the circumstances in this case, there is no liability on the part of the defendant, where it appears that when the defendant's employees left the gate at night it was closed so it could not be opened by an animal. (*Swanson v. Chicago M. & St. P. Ry. Co.,* 79 Minn. 398, 82 N. W. 670, 49 L. R. A. 625; *Mooers v. Northern Pac. Ry. Co.,* 80 Minn. 24, 82 N. W. 1085; *Atchison etc. Ry. Co. v. Kavanaugh,* 163 Mo. 54, 63 S. W. 374.)

Where a private crossing communicating with gates in the right of way fence, through an inclosure, was constructed by the railway company, it was not the duty of such company to see that such gates were kept closed. (*San Antonio etc. Ry. Co. v. Robinson,* 17 Tex. Civ. 400, 43 S. W. 76; *Whaley v. Erie Ry. Co.,* 181 N. Y. 448, 74 N. E. 417.)

O. J. Bandelin and C. L. Heitman, for Respondent.

The statutory provision in case proper fences have been properly maintained and erected, that proof of the killing of the horse shall be *prima facie* evidence of negligence or wilfulness, means that all that is incumbent upon the part of the plaintiff in such a case to establish, is the killing of a horse upon the railroad company's right of way by one of its trains at a place where there is a duty to fence. It will not apply where the animal was killed upon a public crossing. (*Yates v. Camas Prairie Railroad Co.,* 22 Ida. 802, 128 Pac. 545.)

Even had this statute not been enacted, the circumstances of the killing of this horse threw upon the defendant the bur-

den of showing that it had not been negligent. (*Kelly v. Oregon Short Line etc. R. Co.*, 4 Ida. 190, 38 Pac. 404.)

Defendant is liable even though the horse may have come through the gate. (*Missouri etc. Ry. Co. v. Bellows* (Tex. Civ.), 39 S. W. 1000; *Duncan v. St. Louis I. M. & S. Ry. Co.*, 91 Mo. 67, 3 S. W. 835; *Atkinson v. Chicago & N. W. Ry. Co.*, 119 Wis. 176, 96 N. W. 529.)

The presumption is that the horse came on track where killed. (*Patrie v. Oregon Short Line R. Co.*, 6 Ida. 448, 56 Pac. 82.)

BUDGE, C. J.—Respondent brought suit against appellant, a railroad corporation, alleging in substance that it had failed to construct and maintain a lawful fence along its right of way, by reason of which negligence and failure respondent's horse entered upon appellant's right of way, about two miles east of Priest River, Idaho, on the 22d day of November, 1914, and was struck and killed by one of appellant's trains.

Appellant answered, denying its failure to construct and maintain such lawful fence, denying any negligence on its part in the respect complained of, and denying that appellant's train or locomotive engine killed the horse.

The evidence on behalf of respondent showed that he turned his horse out in his pasture or field on Saturday; that along that part of the right of way in question a portion of the fence was up and portions of the fence were down, having been destroyed by fire a few months prior thereto; that on Sunday morning following the horse was found dead on the right of way, and blood and horsehair were found along the track where the animal had probably been struck. The evidence does not disclose whether the fence, along the right of way immediately at the place where the horse was killed, was up or down.

The evidence on the part of appellant was to the effect that the section foreman found the horse dead upon the right of way on Monday morning; that the horse was shod in front and not shod behind; that in an endeavor to ascertain where the horse entered upon the right of way the section foreman,

in company with others, tracked the horse back along the right of way to a gate in the fence, at the private crossing of a third party, where the tracks showed that the horse had entered and gone on down the right of way to the place where it was killed; that the section foreman had passed along by the gate Saturday night, at which time the gate was closed and in good condition, and was such a gate that it could not be opened without human agency.

The court instructed the jury that if they found that the horse entered the right of way through the gate the verdict must be for the appellant. The jury returned a verdict for respondent for $150 and $50 attorneys' fees, and judgment was entered thereon for respondent. This appeal is from the judgment.

Appellant relies upon seven assignments of error. It will be necessary in this opinion to discuss only those points raised by the 5th and 7th assignments of error, which are in substance that the court erred in denying appellant's motion to direct a verdict in its favor, and in entering judgment for respondent.

It is apparent from the verdict which the jury returned, either that they disregarded the instructions of the court or that they found that the horse entered upon the right of way at a point where the fence was down and where it was the duty of appellant to maintain a lawful fence. The presumption is that the jury followed the court's instructions.

An examination of the record discloses the fact that there is some evidence tending to support the finding of the jury that the horse went upon the right of way at some point where the appellant was required to fence. There is a direct conflict in the evidence as to whether the fence was up in places and down in places near the point where the horse was killed. While there is no direct proof as to the exact point where the horse entered upon the right of way, there is ample evidence to support the finding of the jury that the fence was down at various places in the immediate vicinity, where the horse was found dead, and that the horse was killed by appellant company at or near a point where it was required

to fence. And we do not think the mere absence of direct and positive proof that the horse went upon the right of way at a particular point, in view of the fact that the fence was down in numerous places in the immediate vicinity, would defeat respondent's right of recovery. (*Evansville & T. H. R. Co. v. Mosier,* 101 Ind. 597, 1 N. E. 197; *Kimball v. St. Louis & S. F. Ry. Co.,* 99 Mo. App. 335, 73 S. W. 224; *Creson v. Missouri K. & T. Ry. Co.,* 152 Mo. App. 197, 133 S. W. 57; *Louisville, N. A. & C. Ry. Co. v. Spain,* 61 Ind. 460.)

Under the well-established rule in this state, where, as in this case, there is a substantial conflict in the evidence, the verdict of the jury is conclusive. And since the jury evidently accepted the testimony offered by the witnesses for the respondent they must have found, under the instructions of the court, that the fence was down at a point where appellant was legally required to fence and that the horse did not come through the gate, as testified by appellant's employees, but came upon the right of way through the broken fence. (*Kimball v. St. Louis & S. F. R. Co., supra.*)

It is contended by appellant, that if the horse entered upon the right of way through the gate at the private crossing, it would not be liable in damages. With this contention we are not in accord. Section 2815, Rev. Codes, as amended by c. 223, Sess. Laws 1911, p. 706, provides, *inter alia:*

"Every railroad company or corporation operating any steam or electric railroad in this State shall erect and maintain lawful fences, . . . . where the same passes through or along inclosed or adjoining cultivated fields or inclosed lands, with proper and necessary openings and gates therein and farm crossings; . . . . and such railroad company or corporation shall also be liable in a civil action to any and all persons who may sustain any loss, injury or damage by the wounding, maiming or killing of any horse, . . . . which shall be done by such railroad company or corporation, or its agents or servants in the operation or management of engines, . . . . if any such animal or animals escape from ad-

joining lands and come upon the right of way or railroad tracks of such railroad company or corporation, occasioned by the failure of such railroad company or corporation to construct and maintain such fences, gates, farm crossings or cattle guards, whether the person or persons operating or in charge of such engine, cars or other rolling stock were guilty of negligence or not; . . . . ''

The above-amended section excluded the latter portion of section 2815, Rev. Codes, wherein it is provided:

''No recovery can be had on account of stock injured or killed which come upon said highway [right of way] by rea-son of failure to keep such gates closed.''

The fact that the legislature, when amending this section, omitted the proviso just quoted, would clearly indicate an intention on its part to require railroad companies to maintain gates at private crossings and keep them closed, in order to relieve themselves from liability under the foregoing section, in so far as third parties and the public are concerned. (Lewis' Sutherland Stat. Con., sec. 412.)

An examination of sections 4308 and 4309, Rev. Codes of Montana, 1907, and section 2815, Rev. Codes, as amended *supra,* discloses the fact that in substance these statutes are identical.

In the case of *Scheffer v. Chicago M. & P. S. Ry. Co.,* 53 Mont. 302, 163 Pac. 565, the supreme court of Montana, in construing sections 4308 and 4309, held that railroad companies are required to make and maintain gates and sufficient fences on both sides of their tracks or respond in damages for domestic animals killed or injured by reason of their failure to do so, unless the owner of the animals is at fault; that the statute is not satisfied by the construction of a fence sufficient to meet its requirements, but that a continuing obligation is imposed to maintain such fences in such a condition as to effectuate the purpose intended; that gates at private crossings are a part of the right of way fence, and the statute imposes upon the railway company the duty to see that they are kept closed, and the failure to keep them closed is negligence

*per se,* in so far as the public and third parties are concerned. In support of this holding the court cites the case of *Wabash Ry. Co. v. Williamson,* 104 Ind. 154, 3 N. E. 814, where the court says:

"While a railroad company is not liable for killing stock belonging to one who has been permitted to erect a gate at a private crossing for his own convenience, where the cattle entered upon the track through the gate, yet it is liable in such case for killing stock belonging to a third person."

This same rule is announced in the cases of *Evansville & T. H. & R. Co. v. Mosier, supra, Louisville N. A. & C. Ry. Co. v. Hughes,* 2 Ind. App. 68, 28 N. E. 158. See, also, *Louisville N. A. & C. Ry. Co. v. Spain, supra; Browne v. Providence etc. Co.,* 12 Gray (78 Mass.), 55, 71 Am. Dec. 736.

A reasonable construction of section 2815, Rev. Codes, as amended, *supra,* requires every railroad company to erect and maintain fences, with gates at private crossings,. at places where they are required to fence, which gates so maintained, shall be kept closed by such railroad company, as far as third parties and the public are concerned. These gates are a part of the fence. (*Brown v. Oregon Short Line R. R. Co.,* 20 Ida. 364, 118 Pac. 768.) This duty of the railroad company to keep its fences in repair includes the duty to keep the gates securely closed so as to afford equal protection from stock getting on their roads at such places, as at other places.

The wisdom or policy of the legislature in imposing such duties upon railroad companies, and holding them liable, in the absence of knowledge, for failure to keep the gates closed, is not within the proper province of this court, nor can this court interfere with the legislative policies relating to the liability of railroad companies for failure to fence their rights of way, where it is their duty to fence under the statute and to keep their gates closed. That the rule may be a harsh one is no defense; the legislature is the only source capable of affording relief.

The instructions of the court above referred to were erroneous, but were much more favorable to appellant than, in

our view of the law, was permissible.   Appellant has not been prejudiced thereby and is not in a position to complain of the verdict.

The judgment is affirmed.   Costs awarded to respondent.

Morgan and Rice, JJ., concur.