(No. 4861.   June 7, 1928.)

WILLIAM F. MOLE, Respondent, v. ANDREW W. MEL-LON, Director-General of Railroads of the United States Railroad Administration and Agent of the President, Designated Under Section 206 of the Transportation Act of February 28, 1920, Appellant.

[268 Pac. 1048.]

Geo. H. Smith, H. B. Thompson and John H. McEvers, for Appellant.

W. P. Hanson and Ralph L. Albaugh, for Respondent.

BRINCK, Commissioner.—This case was before this court on a prior appeal, wherein a judgment of nonsuit was reversed and the cause remanded, with the direction to permit an offered amendment to the complaint. (*Mole v. Payne*, 39 Ida. 247, 227 Pac. 23.)

Plaintiff was the owner of seven horses which, on December 30, 1919, entered upon the right of way of the Oregon Short Line Railroad Company in Bonneville county, and were struck by a train of cars and killed. In the complaint are alleged facts showing the duty of the railroad company to maintain a fence at the point where the horses came upon the right of way, and it is alleged that at such point the railroad company had constructed a gate, but had negligently allowed it to be defectively fastened, in that the two portions thereof, it being a double gate, were held together when closed by a single strand of wire.

The evidence establishes facts showing the duty of the railroad company to maintain the fence at the point in

question, and tends to show that the fastenings provided were defective as alleged, and that by reason of such defective fastenings plaintiff's horses were able to and did enter upon the right of way. The evidence further shows that plaintiff was not the occupant of the farm upon which the crossing existed, but occupied a farm lying west of that through which the right of way runs; and does not show, nor does plaintiff claim, any right in him to use or occupy the farm through which the right of way extended, nor the crossing thereon. It appears that plaintiff, for a considerable time, had made use of the crossing, and that he had full knowledge of whatever defect existed with regard to the fastenings of the gate, and had in fact notified the section foreman of the railroad company of the defective fastenings. At the time of the accident, the fence along defendant's right of way was completely covered by snow, and in order to make use of the gate plaintiff had shoveled the snow away from the gate on the outside of the right of way. He testified that within the right of way the snow had been cleared from the crossing by some other person, and that on the day of the accident he had used the gate for the purpose of conducting his horses through it and across the right of way to water, and on returning had closed the gate and fastened it with a piece of barbed wire, which had been used for that purpose a considerable time. That night the horses escaped from the inclosure, went upon the farm through which the right of way ran, in some way got through the gate upon the right of way, and were killed by defendant's train.

A large number of errors are alleged; but it is sufficient to consider only the error assigned as to the refusal of the trial court to grant defendant's motion to direct a verdict in its favor, upon the ground that it appears affirmatively from the evidence that the plaintiff was guilty of such contributory negligence as to preclude recovery.

C. S., sec. 4814, provides, among other things, as follows:

"Every railroad company or corporation operating any steam or electric railroad in this state shall erect and maintain lawful fences . . . . where the same passes through

or along inclosed or adjoining cultivated fields or inclosed lands, with proper and necessary openings and gates therein and farm crossings . . . .

" . . . . And such railroad company or corporation shall also be liable in a civil action to any and all persons who may sustain any loss, injury or damage by the wounding, maiming or killing of any horse . . . . which shall be done by such railroad company or corporation, or its agents or servants in the operation or management of engines, . . . . if any such animal or animals escape from adjoining lands and come upon the right of way or railroad tracks of such railroad company or corporation, occasioned by the failure of such railroad company or corporation to construct and maintain such fences, gates, farm crossings or cattle guards, whether the person or persons operating or in charge of such engine, cars or other rolling stock were guilty of negligence or not . . . . "

Under this statute, it was held in *Saccamonno v. Great Northern Ry. Co.*, 30 Ida. 513, 166 Pac. 267, that gates at private crossings at places where a railroad company is required to fence are, as to third persons and the public, a part of the fence itself, and as to them the duty is upon the railroad company to keep such gates closed securely. The rights and duties of the owner of the farm through which the defendant's right of way passes are not here involved. As to plaintiff, who was not the owner or occupant of such land, the gate in question was a fence; as to plaintiff, it was the defendant's duty to keep the gate closed, and if the gate was not provided with a sufficient fastening, and its insufficiency in that respect permitted plaintiff's horses to come upon defendant's right of way where they were killed, plaintiff is entitled to recover damages therefor, unless his own fault contributed to the injury.

Conversely, plaintiff had no right to have the gate maintained as a gate. There is no evidence tending to show that plaintiff had any right to use the gate. The duty of the railroad company to allow the use of the gate was not

owed to him. Notwithstanding the fact that he had full knowledge of the condition, and notwithstanding the fact that at the time of the accident the fence was entirely covered by snow, and that the horses could not have gone through the gate save for plaintiff's act of clearing away the snow, he deliberately, by his own act, for his own use, and without right, created the only condition under which defendant's negligence could have resulted in any injury to plaintiff's horses. Though the fence was defective as to plaintiff, the fence and natural conditions existing, taken together, operated as a sufficient fence against his live stock; and when, without right, he cleared away the snow so as to expose the defect in the fence, his act was the same, in effect, as though he had made an opening in the fence. His own unlawful act, he having full knowledge of the danger, contributing as it did to the injury, precluded him from recovering damages resulting from the defect. (*Clark v. Chicago & W. M. R. Co.*, 62 Mich. 358, 28 N. W. 914; *Irving v. Texas & P. Ry. Co.* (Tex. Civ. App.), 164 S. W. 910; *McCoy v. Southern Pacific Co.*, 94 Cal. 568, 29 Pac. 1110; 33 Cyc., p. 1212; 2 Shearman & Redfield on Negligence, 6th ed., p. 1101.)

Defendant's motion for a directed verdict should have been granted. We recommend that the judgment be reversed and the cause remanded, with directions to enter judgment for the defendant. Costs to appellant.

Varian and Baker, CC., concur.

The foregoing is approved as the opinion of the court. The judgment is reversed and the cause remanded, with directions to enter judgment for the defendant. Costs to appellant.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ., concur.

Budge and Givens, JJ., dissent.

Petition for rehearing denied.